**UNITED BLOOD SERVICES, Petitioner,**

v.

**Juan LONGORIA and Maria Longoria, individually and a/n/f of San Juanita Longoria, Respondents.**

No. 95–1077.

Supreme Court of Texas.

Jan. 31, 1997.

Terry Ol Tottenham, Dean A. Schaffer, Austin, for Petitioner.

Richard C. Arroyo, Brownsville, for Respondents.

PER CURIAM.

In this summary judgment case, we decide whether the trial court abused its discretion by rejecting the nonmovant's expert testimony. The court of appeals held that it did. 907 S.W.2d 605. Because we conclude that the court of appeals improperly substituted its opinion for that of the trial court on a matter committed to the trial court's discretion, we reverse the judgment of the court of appeals and render judgment that Plaintiffs take nothing.

Shortly after her birth in 1982, San Juanita Longoria contracted acquired immune deficiency syndrome (AIDS) and cytomegalovirus (CMV) following a transfusion of blood supplied by United Blood Services (UBS). After her death at age four, her parents sued UBS and the hospital where she received the transfusion. The trial court first granted summary judgment in favor of the hospital and UBS based on undisputed expert testimony that in 1982 the medical community did not know that AIDS was a blood-borne disease and no procedures were available for routine testing of blood for exposure to the AIDS virus. The court of appeals reversed, holding that the Longorias had raised a fact issue about the failure to screen for CMV, for which testing was available, and which testing might have eliminated donors at high risk for AIDS. *Longoria v. McAllen Methodist Hosp.*, 771 S.W.2d 663, 665 (Tex.App.—Corpus Christi 1989, writ denied).

On remand, UBS offered additional expert testimony on CMV testing, and also challenged the qualifications of Melvin Kramer, the Longorias' expert witness, to testify on the standard of care for the blood-banking industry. UBS pointed out that Kramer is not a doctor of medicine or osteopathy, has previously conceded that he did not consider himself an expert in blood banking, hematology, or immunology, never worked for a blood bank, never took any courses on blood banking, never published any articles related to blood banks, and obtained his Ph.D. by correspondence course from Pacific Western University, which is not accredited by any nationally recognized accrediting agency. The trial court again granted UBS's motion for summary judgment.

The court of appeals again reversed, pointing out that Kramer holds degrees in bacteriology, anthropology, and public health, and "through self education and reading the relevant medical literature in epidemiology, Kramer has further developed an expertise concerning the standard of care in the collection of blood." 907 S.W.2d at 613. The court noted, however, "we express no opinion concerning the ultimate admissibility of Kramer's testimony at trial, when the basis for his qualification as an expert may be more fully tested by UBS and subjected to closer scrutiny by the trial court." *Id.* at 613 n. 5.

■ Texas Rule of Civil Procedure 166a(f) requires that in summary judgment proceedings, supporting and opposing affidavits "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." When a party relies on expert testimony, this requirement includes proof of the expert's qualifications. Contrary to the court of appeals' notation, no difference obtains between the standards for evidence that would be admissible in a summary judgment proceeding and those applicable at a regular trial. *See Hidalgo v. Surety Savings & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex.1971).

■ Whether a witness is qualified to offer expert testimony is a matter committed to the trial court's discretion. *Broders v. Heise*, 924 S.W.2d 148 (Tex.1996). The trial court must determine if the putative *expert* has "*knowledge, skill, experience, training, or education*" that would "*assist the trier of*

*fact."* *See* TEX.R. CIV. EVID. 702. The burden of establishing an expert's qualifications is on the offering party. *Broders*, 924 S.W.2d at 151. We gauge abuse of discretion by whether the trial court acted without reference to any guiding rules or principles. *E.I. du Pont de Nemours and Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex.1995).

■ The trial court did not clearly abuse its discretion by rejecting Kramer's testimony. UBS's objections, which were, for the most part, based on facts conclusively established by the Longorias' responses to requests for admissions, demonstrate that Kramer did not have the particular knowledge, skill, experience, training, or education to testify to the relevant standard of care in this case. *See Broders*, 924 S.W.2d at 153 ("What is required is that the offering party establish that the expert has 'knowledge, skill, experience, training, or education' regarding the *specific issue* before the court which would qualify the expert to give an opinion on *that particular subject.*") (Emphasis added). While properly citing the correct standard of review, the court of appeals improperly substituted its opinion for that of the trial court's. *See du Pont*, 923 S.W.2d at 558.

Accordingly, pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument, the Court reverses the judgment of the court of appeals and renders judgment that Plaintiffs take nothing.