# NO. 12-23-00254-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EDDIE SHEARD AND BLANCA S. M. SHEARD, APPELLANTS* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 1* |
| *TARRANT REGIONAL WATER DISTRICT, A WATER CONTROL AND IMPROVEMENT DISTRICT, APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Eddie Sheard and Blanca S.M. Sheard (collectively the Sheards) appeal the trial court's order granting summary judgment in favor of Appellee Tarrant Regional Water District, a Water Control and Improvement District (TRWD). In two issues, the Sheards argue that the trial court erred in granting summary judgment in favor of TRWD because TRWD (1) failed conclusively to establish it made the statutorily required bona fide offer to them and (2) failed conclusively to establish the amount of just compensation owed to the Sheards. We affirm.

## BACKGROUND

The Sheards own two, adjoining tracts of rural property in Henderson County, Texas. On one tract, they made their homestead; the other tract is vacant and contains a water well, which was the primary water source for the homestead tract. As part of its involvement with the Integrated Pipeline Project, which includes raw-water pipeline connections to Lake Palestine, Cedar Creek Reservoir, and Richland-Chambers Reservoir, the purpose of which is to provide raw

water to millions of Texas residents, TRWD sought to obtain by condemnation an easement across the Sheards' property on which the water well is located.

In so doing, TRWD first sought to purchase the easement voluntarily and sent the Sheards a written offer in 2013, along with an appraisal and the "Landowner's Bill of Rights." After it received an updated appraisal in 2014, TRWD sent the Sheards a second, written offer, along with a copy of the updated appraisal report. No agreement was reached. On May 9, 2016, TRWD sent the Sheards a final, written offer and gave them fourteen days to respond. The Sheards declined to accept TRWD's final offer.

On July 20, TRWD filed a condemnation petition in the County Court at Law Number 1 of Henderson County, Texas, thereby commencing the administrative phase of the condemnation proceeding. The trial judge appointed special commissioners, who set a hearing on the matter. The hearing was conducted on October 27, after which the special commissioners prepared and filed their award, which assessed total compensation in favor of the Sheards in the amount of $29,000 for the easement and damage to the remaining property.

On November 16, the Sheards filed an objection to the special commissioners' award, which initiated de novo proceedings in the trial court. TRWD deposited the amount of the award with the trial court and served the required, written disclosures. In May 2020, TRWD filed a combined no-evidence and traditional motion for summary judgment, in which it argued that (1) it conclusively had proven its right to condemn the easement and (2) after an adequate time for discovery, the Sheards had no evidence of an essential element of their claim: the amount of just compensation they are due. TRWD further argued that the summary judgment evidence conclusively proved the amount of just compensation to be paid to the Sheards for its acquisition of the subject property.

A hearing was conducted on TRWD's motion on September 12, 2023. The Sheards declined to make objections or respond to the motion during the approximately three-and-one-half-year period between the time the motion was filed and the hearing.[1] Following the hearing, the trial court rendered a final judgment by which it granted summary judgment in favor of TRWD, vested TRWD with the property rights in the subject tract it sought, and awarded the Sheards $29,000 in compensation. This appeal followed.

---

[1] The Sheards' trial counsel withdrew on June 6, 2023. They participated in the summary judgment hearing pro se.

In their first issue, the Sheards argue that the trial court erred in granting summary judgment in favor of TRWD because TRWD failed conclusively to establish that it made the statutorily-required, bona fide offer to them. Specifically, they contend that TRWD failed to prove that it fully complied with the statutory requirements of a bona fide offer because (1) the affidavit to which the evidence of TRWD's offer was attached was defective and (2) if properly considered, its written offer failed to include the language required by Texas Property Code, Section 21.0113(b)(1)(B)(i).

**Propriety of Summary-Judgment Affidavit**

The Sheards first argue that the trial court improperly considered the affidavit and attachments upon which TRWD relied to prove it made a bona fide offer because "even though [the affiant] indicated the attachments were 'true and correct' copies, [he] failed to swear [that] the facts within such attachments were true and correct[, nor] does he indicate that he has personal knowledge of such facts contained in the attachments."

If the factual statements in an affidavit are "not obviously based on hearsay[,]" a defect is purely formal. *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 234 (Tex. 1962); *Houle v. Capital One Bank (USA), N.A.*, 570 S.W.3d 364, 369 (Tex. App.–El Paso 2018, pet. denied). When an affidavit suffers from a mere formal defect in form, a party must object to the formal defect and secure a ruling from the trial court to preserve error. TEX. R. CIV. P. 166a(f); *Houle*, 570 S.W.3d at 369–70. Defects that purely are formal may not be raised for the first time on appeal. *Id.*; *Well Sols., Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App.–San Antonio 2000, no pet.). Conversely, a party may first complain on appeal about a purely substantive defect present in an affidavit. *Houle*, 570 S.W.3d at 370. Unless an order sustaining the objection to summary-judgment evidence is reduced to writing, signed, and entered of record, the evidence remains part of the summary-judgment proof even if a party objected to an opponent's summary-judgment evidence. *Id.*

In the instant case, the Sheards made no objection at trial to the alleged deficiencies in the affidavit about which they now complain. Therefore, we conclude that they failed to preserve their arguments about the affidavit's defects in form. *See* TEX. R. CIV. P. 166a(f); TEX. R. APP. P. 33.1; *Houle*, 570 S.W.3d at 370; *Landry's Seafood Restaurants, Inc. v. Waterfront Cafe, Inc.*, 49 S.W.3d 544, 551 (Tex. App.–Austin 2001, pet. dism'd) (affiant's failure to attest in affidavit that

facts stated therein were made upon personal knowledge and are true and correct are formal defects, which must be preserved by objection before being raised on appeal).

**Texas Property Code, Section 21.0113(b)(1)(B)(i)**

The Sheards next argue that TRWD's offer failed to include the language required by Texas Property Code, Section 21.0113(b)(1)(B). Section 21.0113 sets forth the requisites of a mandatory, bona fide offer made by an entity with eminent domain authority, which desires to acquire real property for public use from its owner voluntarily. *See* TEX. PROP. CODE ANN. § 21.0113(a) (West Supp. 2023). Presently, these requirements include a statement in bold print and a larger font than the other portions of the offer, indicating whether the compensation being offered includes (i) damages, if any, to the property owner's remaining property; or (ii) an appraisal of the property, including damages to the remainder, if any, prepared by an appraiser certified to practice as a certified general appraiser under Chapter 1103, Occupations Code. *See **id.*** § 21.0113(b)(1)(B).

In the instant case, the three offers TRWD made to the Sheards were made in 2013, 2014, and 2016 respectively. Each included an appraisal of the property but did not contain the language required by Section 21.0113(b)(1)(B)(i). Nonetheless, the language required by Section 21.0113(b)(1)(B)(i) was added to the Property Code by a bill enacted by the legislature in 2021.[2] Thus, the missing language, which currently is required by Section 21.0113(b)(1)(B)(i), was not required at the time when TRWD made any of the offers in this case. Accordingly, we hold that the trial court did not err in granting summary judgment in TRWD's favor despite the absence of this language in TRWD's written offers to the Sheards. The Sheards' first issue is overruled.

## SUMMARY JUDGMENT - JUST COMPENSATION

In their second issue, the Sheards argue that the trial court erred in granting summary judgment in TRWD's favor because TRWD failed conclusively to establish the amount of just compensation owed to the Sheards.

**Standard of Review**

Because summary judgment is a question of law, a trial court's summary judgment decision

---

[2] *See* Act of May 19, 2011, 82nd Leg., R.S., ch.81, § 8, 2011 Tex. Sess. Law Serv. 354, 358 (West), eff. Sept. 1, 2011, *amended by* Act of June 16, 2021, 87th Leg., R.S., ch. 826, §6, eff. Jan. 1, 2022 (codified at TEX. PROP. CODE ANN. § 21.0113 (West Supp. 2023)).

is reviewed de novo.[3] *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *McMahon Contracting, L.P. v. City of Carrollton*, 277 S.W.3d 458, 467–68 (Tex. App.–Dallas 2009, pet. denied). The standard of review for a traditional summary judgment motion pursuant to Texas Rule of Civil Procedure 166a(c) is threefold: (1) the movant must show there is no genuine issue of material fact and he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed, material fact issue precluding summary judgment, the court must take as true evidence favorable to the nonmovant; and (3) the court must indulge every reasonable inference from the evidence in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex. 1984); *Hightower v. Baylor Univ. Med. Ctr.*, 251 S.W.3d 218, 221–22 (Tex. App.–Dallas 2008, pet. struck). We are not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits, and other summary judgment proof. *See Gulbenkian v. Penn*, 252 S.W.2d 929, 932 (Tex. 1952); *Palestine Herald-Press Co. v. Zimmer*, 257 S.W.3d 504, 508 (Tex. App.–Tyler 2008, pet. denied).

Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). If the trial court's order granting summary judgment does not specify the grounds relied on for its ruling, we will affirm it if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

Additionally, after an adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. *See* TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex. App.–Houston [1st Dist.] 1999, no pet.). We review a no evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a

---

[3] In conducting a de novo review, the trial court's reasoning is not relevant to or controlling of our review and analysis. *See Markel Ins. Co. v. Muzyka*, 293 S.W.3d 380, 385 (Tex. App.–Fort Worth 2009, no pet.).

genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See id.* at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *See id.*

Lastly, when a party moves for both a traditional and a no evidence summary judgment, we ordinarily review first the trial court's summary judgment under the no evidence standard of Rule 166a(i). *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no-evidence summary judgment properly was granted, we do not reach arguments under the traditional motion for summary judgment. *See id.*

**Discussion**

As set forth above, TRWD filed a combined no evidence and traditional motion for summary judgment, in which it argued, in pertinent part, that (1) after an adequate time for discovery, the Sheards had no evidence of an essential element of their claim: the amount of just compensation they are due and (2) it conclusively proved the amount of compensation they are due for TRWD's acquisition of the subject property.

On appeal, the Sheards initially only argue that TRWD failed to meet its burden under its traditional motion for summary judgment. In their reply brief, however, they further argue that it is apparent from the language of the trial court's order granting summary judgment that it rendered summary judgment only with regard to TRWD's traditional motion.[4] We disagree.

The trial court's final judgment stated, in pertinent part, as follows: "Tarrant Regional Water District's (['[TRWD's[']]) Motion for Summary Judgment came on for consideration on this date upon due and proper notice. The Court finds that, based on the motion, the summary-judgment evidence, responses, if any, and the pleadings, the Motion should be, and hereby is, granted *in its entirety*." (emphasis added). Here, TRWD filed a single motion for summary judgment, in which it made arguments pursuant to both Texas Rules of Civil Procedure 166a(c) (traditional) and 166a(i) (no-evidence). We recognize that making arguments for both traditional

---

[4] We generally do not consider issues raised for the first time in a reply brief, even if the new issue is raised in response to a matter in the appellee's brief. *See HMT Tank Serv. LLC v. Am. Tank & Vessel, Inc.*, 565 S.W.3d 799, 812 n.10 (Tex. App.–Houston [14th Dist.] 2018, no pet.).

and no-evidence summary judgment within the same motion is not prohibited by the Rules of Civil Procedure, although such is not the preferred practice. *See Flory v. Daimler Chrysler Corp.*, No. 12-02-00270-CV, 2003 WL 22872407, at *3 (Tex. App.–Tyler Dec. 3, 2003, pet. denied) (mem. op. on reh'g). Nonetheless, based on the explicit langue used in the trial court's judgment that the motion is granted "in its entirety[,]" we conclude that the trial court granted the motion based on both no-evidence and traditional grounds.

The Sheards had the burden of proof on the issue of value, as it relates to the amount of just compensation due to them for the taking. *See Religious of Sacred Heart of Tex. v. City of Houston*, 836 S.W.2d 606, 613 (Tex. 1992). In conjunction with its no-evidence argument, TRWD contended that there had been an adequate time for discovery[5] and the Sheards had no evidence of an essential element of their claim, that is, the amount of just compensation they are due.[6] It then requested that the trial court award $29,000.00 in just compensation and grant TRWD all property rights sought. In the approximately three-and-one-half years between the filing of the motion and the hearing conducted thereon, the Sheards filed no written response to TRWD's motion. Because the Sheards failed to make any written response to TRWD's no-evidence motion for summary judgment, we hold that the trial court properly rendered summary judgment in favor of TRWD. *See Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.–Houston [1st Dist.] 2010, no pet.) (absent timely response, trial court must grant no-evidence motion for summary judgment that meets requirements of Rule 166a(i)); *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.–Houston [1st Dist.] 2008, no pet.); *see also Patidar v. Bank of Am., N.A.*, 442 S.W.3d 789, 793 (Tex. App.–Houston [14th Dist.] 2014, no pet.) ("Generally, a failure to respond to a no-evidence motion is fatal to the nonmovant's ability to assert on appeal that the trial court erred in

---

[5] The record reflects that approximately three-and-one-half years elapsed between the commencement of the trial de novo and the date TRWD filed its motion for summary judgment. By the time of the hearing on TRWD's motion, nearly seven years had elapsed since the commencement of the judicial phase of proceedings.

[6] The Sheards do not challenge the sufficiency of TRWD's no-evidence portion of its motion on appeal. *See, e.g.*, *Holloway v. Tex. Elec. Util. Const., Ltd.*, 282 S.W.3d 207, 213 n.2 (Tex. App.—Tyler 2009, no pet.) (holding that legal sufficiency of no-evidence motion for summary judgment can be challenged for first time on appeal). With regard to no-evidence motions for summary judgment, a "legal sufficiency" challenge consists of a challenge based on the motion's failure to comport with the requirements of Texas Rule of Civil Procedure 166a(i) because, for example, it failed specifically to challenge a specific element on which the non-movant bore the burden of proof. *See id.* at 213.

granting the motion").[7]  The Sheards' second issue is overruled.

**DISPOSITION**

Having overruled the Sheards' first and second issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 28, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[7] Because we held that the trial court properly granted TRWD's no-evidence motion for summary judgment, we do not consider the Sheards' arguments related to TRWD's traditional motion for summary judgment.  *See **Ford Motor Co. v. Ridgway***, 135 S.W.3d 598, 600 (Tex. 2004).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 28, 2024**

**NO. 12-23-00254-CV**

**EDDIE SHEARD AND BLANCA S. M. SHEARD,**
Appellants
V.
**TARRANT REGIONAL WATER DISTRICT, A WATER CONTROL AND
IMPROVEMENT DISTRICT,**
Appellee

Appeal from the County Court at Law No 1
of Henderson County, Texas (Tr.Ct.No. 00251-CCL-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and it is further ORDERED that **EDDIE SHEARD AND BLANCA S.M. SHEARD** bear costs in this cause expended in this Court; and that this decision be certified to the court below for observance.

James T. Worthen, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*