

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00387-CV

———————————————

KIM R. OSOWSKY, Appellant

V.

NORTHWEST INDEPENDENT SCHOOL DISTRICT, Appellee

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 23-2553-467

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Kim R. Osowsky appeals the trial court's order granting the traditional and no-evidence summary judgment motion filed by Appellee Northwest Independent School District (NISD) and dismissing with prejudice Osowsky's discrimination, retaliation, and hostile-work-environment claims under the Texas Commission on Human Rights Act (TCHRA). In her first issue, Osowsky contends that the trial court abused its discretion by striking her summary judgment evidence. In her second through sixth issues, she contends that the trial court erred by rendering summary judgment in NISD's favor because her summary judgment evidence—had it not been stricken—was sufficient to create a genuine issue of material fact regarding the elements of each of her claims. Because we conclude that the trial court acted within its discretion by striking Osowsky's summary judgment evidence, we affirm.

## I. BACKGROUND

Osowsky was employed by NISD as an elementary-school teacher. Her daughter, L.O.,[1] attended a middle school in NISD.

After L.O. was suspended from school and removed from the cheerleading team, Osowsky filed an internal grievance with NISD. When this grievance was denied, she appealed to the Texas Education Agency on January 3, 2022.

---

[1]Because Osowsky's daughter was a minor when the underlying suit was filed, we refer to her by her initials. *See* Tex. R. App. P. 9.9(a)(3).

On January 11, 2022, administrators at L.O.'s middle school were notified that multiple students had been provided alcohol during a New Year's Eve sleepover at Osowsky's house. Osowsky was placed on administrative leave pending NISD's investigation into the incident.

In April 2022, NISD presented the findings from its investigation to Osowsky. Based on its investigation, NISD found that during the New Year's Eve sleepover, Osowsky's husband had given an NISD middle-school student alcohol, had urged her to get drunk, and had asked her if she had lost her virginity. NISD also determined that Osowsky knew or should have known about this incident but failed to report it to the student's parents and that she had violated multiple standards set forth in the Texas Educator Code of Ethics. Accordingly, it was recommended that Osowsky's contract be "nonrenewed." Osowsky resigned four days after receiving NISD's findings and nonrenewal recommendation.

In March 2023, Osowsky filed suit against NISD under the TCHRA. Her petition included claims for disability discrimination,[2] retaliation,[3] and hostile work environment.

---

[2]The nature of the purported disability giving rise to Osowsky's discrimination claim is unclear. The only specific disability mentioned in her petition is Covid-19. But in her appellate briefing, she asserts instead that she suffered from anxiety.

[3]Osowsky alleged that NISD had retaliated against her for filing a grievance regarding the disciplinary actions taken against L.O.

In April 2024, NISD filed a traditional and no-evidence summary judgment motion seeking the dismissal of all of Osowsky's claims. Osowsky filed a response, but the only summary judgment evidence attached thereto was her own fifty-two-paragraph affidavit. NISD moved to strike Osowsky's affidavit on the basis that Osowsky had never made initial disclosures as required by Civil Procedure Rule 194.2. *See* Tex. R. Civ. P. 194.2(a), (b). NISD also raised a myriad of evidentiary objections to Osowsky's affidavit and alternatively moved to strike it based on these objections.[4] Osowsky never filed a response to NISD's motion to strike.

Following a hearing, the trial court struck Osowsky's affidavit[5] and signed an order granting NISD's summary judgment motion. This appeal followed.

## II. DISCUSSION

In her first issue, Osowsky contends that the trial court abused its discretion by striking her summary judgment affidavit. We disagree.

### A. Standard of Review

"The standards for the admissibility of evidence in a summary judgment proceeding are the same as those applicable to a regular trial." *Luke v. Unifund CCR*

---

[4]NISD raised specific evidentiary objections to forty-two of the affidavit's fifty-two paragraphs and asked the trial court to strike the entire affidavit on the basis of these objections.

[5]The trial court did not provide any explanation as to why it granted NISD's motion to strike the affidavit. Rather, its order stated merely that "the Court finds that the Motion has merit and should be GRANTED."

*Partners*, No. 02-06-444-CV, 2007 WL 2460327, at *6 (Tex. App.—Fort Worth Aug. 31, 2007, no pet.) (mem. op.) (citing *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997)); *accord Houle v. Cap. One Bank (USA), N.A.*, 570 S.W.3d 364, 369 (Tex. App.—El Paso 2018, pet. denied).  Thus, we review a trial court's decision to admit summary judgment evidence under an abuse-of-discretion standard.  *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Longoria*, 938 S.W.2d at 30; *One Time Constr. Tex., LLC v. Snow*, No. 02-23-00033-CV, 2023 WL 5767365, at *4 (Tex. App.—Fort Worth Sept. 7, 2023, no pet.) (mem. op.).  "The test for abuse of discretion is not whether, in our opinion, the facts present an appropriate case for the trial court's actions."  *Houle*, 570 S.W.3d at 369 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).  Rather, in an abuse-of-discretion review, we consider whether the trial court acted arbitrarily, unreasonably, or without reference to guiding rules and principles.  *Downer*, 701 S.W.2d at 241–42.

**B. Analysis**

Osowsky has not shown that the trial court abused its discretion by striking her affidavit.

Osowsky does not dispute that she failed to make the initial disclosures required by Rule 194.2.  *See* Tex. R. Civ. P. 194.2(a), (b).  And Rule 193.6(a) provides that "[a] party who fails to make . . . a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed" unless the trial court finds that (1) "there

5

was good cause for the failure" to make the disclosure or (2) the offering party's "failure to timely make . . . the [disclosure] will not unfairly surprise or unfairly prejudice the other parties." Tex. R. Civ. P. 193.6(a). Osowsky argues that NISD could not have been unfairly surprised or prejudiced by her affidavit because she was a named party and was therefore subject to deposition.[6] But Osowsky, as the party seeking to introduce evidence, bore the burden of establishing a lack of unfair surprise or unfair prejudice. Tex. R. Civ. P. 193.6(b). Despite bearing this burden, Osowsky filed no response to NISD's motion to strike, and the record contains no evidence that would support a finding of a lack of unfair surprise or prejudice. Thus, we cannot conclude that the trial court abused its broad discretion by striking Osowsky's affidavit under Rule 193.6. *See One Time Constr. Tex., LLC*, 2023 WL 5767365, at *6 (noting that "a trial court has broad discretion to determine whether the introducing party has satisfied" its burden under Rule 193.6(b) to show a lack of unfair surprise or unfair prejudice (citing *Syrian Am. Oil Corp., S.A. v. Pecten Orient Co.*, 524 S.W.3d 350, 366 (Tex. App.—Houston [1st Dist.] 2017, no pet.))).

---

[6]Osowsky's argument reflects a fundamental misunderstanding regarding the nature of NISD's Rule 193.6 complaint. NISD did not contend that Osowsky's failure to make the required disclosures should preclude her from testifying as a witness. Indeed, as NISD acknowledged in its motion to strike, Rule 193.6 explicitly provides that a named party may testify despite not being disclosed. *See* Tex. R. Civ. P. 193.6(a). Rather, NISD moved to strike Osowsky's affidavit under Rule 193.6 because its substance—i.e., the legal theories and factual bases of her claims—had not been disclosed. *See* Tex. R. Civ. P. 194.2(b)(3) (requiring parties to disclose "the legal theories and, in general, the factual bases of [their] claims or defenses").

Further, as noted, NISD also raised a myriad of evidentiary objections to Osowsky's affidavit and asked the trial court to strike the affidavit in its entirety based on these objections. Osowsky not only failed to respond to these objections in the trial court, she also failed to address them in her briefing before this court. NISD's evidentiary objections provide an independent ground for the trial court's decision to strike Osowsky's affidavit, and because Osowsky has not challenged this independent ground, we must accept its validity. *See S.W. ex rel. A.W. v. Arlington Indep. Sch. Dist.*, 435 S.W.3d 414, 419 (Tex. App.—Fort Worth 2014, no pet.); *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 456 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Owens-Corning Fiberglas Corp.*, 972 S.W.2d at 43 (requiring an appellate court to uphold a trial court's evidentiary ruling if it is proper on any grounds). Thus, even if we were to accept (and we do not) Osowsky's argument that she met her burden to show that NISD was not unfairly surprised or prejudiced by her failure to comply with Rule 194.2's disclosure requirements, we would nevertheless be required to affirm the trial court's decision to strike her affidavit based on NISD's unchallenged evidentiary objections. *See In re K.R.S.*, No. 14-07-00080-CV, 2008 WL 2520812, at *2–3 (Tex. App.—Houston [14th Dist.] June 24, 2008, no pet.) (mem. op.) ("[B]ecause the [appellant] did not timely challenge an independent basis for the trial court's ruling striking its summary judgment evidence and response, we must affirm the ruling on that basis.").

Having concluded that the trial court did not abuse its discretion by striking Osowsky's affidavit, we overrule her first issue. This leaves Osowsky with no summary judgment evidence to create a fact issue in response to NISD's no-evidence summary judgment motion. *See* Tex. R. Civ. P. 166a(i). Thus, the trial court's order granting NISD's summary judgment motion was proper. *See id.*; *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020) (recognizing that if a nonmovant fails to carry its burden to "produce 'summary judgment evidence raising a genuine issue of material fact,'" then the court "'must' grant summary judgment"). Accordingly, we overrule Osowsky's remaining issues. *See K.R.S.*, 2008 WL 2520812, at *3.

### III. CONCLUSION

Having overruled all of Osowsky's issues, we affirm the trial court's summary judgment order.

/s/ Brian Walker

Brian Walker
Justice

Delivered: May 1, 2025

8