

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00393-CV

———————————————

BRENT MEYERHOFF AND RHONDA BARR, Appellants

V.

PACIFIC UNION FINANCIAL, LLC, Appellee

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-298779-18

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. INTRODUCTION

This case concerns a residential mortgage-loan dispute that was resolved by summary judgment when the trial court dismissed Appellant Brent Meyerhoff's claims with prejudice and granted Appellee Pacific Union Financial, LLC's counterclaim for foreclosure. Meyerhoff alleges three points on appeal: (1) the trial court prematurely granted Appellee's motion for summary judgment, (2) fact issues precluded summary judgment on Meyerhoff's claims, and (3) the summary judgment was improper on Appellee's counterclaim because it was not properly pleaded or supported by evidence. We also identify one issue that neither party has brought to our attention: summary judgment was rendered against a party who was never joined and who never entered an appearance in the trial court proceedings, Rhonda Barr. Barr is the wife of Meyerhoff. Though Barr was listed in the notice of appeal, we acquire jurisdiction only over those parties who were parties to the trial court's judgment. We therefore vacate the trial court's judgment as to Barr and affirm the trial court's judgment as to Meyerhoff.

### II. BACKGROUND

Meyerhoff signed a note (Note) on May 29, 2015, payable to Loan Simple, Inc. The Note provided a thirty-year term with monthly payments due on the first day of every month. The Note contained an allonge, also dated May 29, 2015, which stated,

2

"PAY TO THE ORDER OF: **WITHOUT RECOURSE** LOAN SIMPLE, INC. and its successors and assign[s]." The allonge was signed by Loan Simple's CEO.

Also on May 29, 2015, Meyerhoff and Barr[1] signed a Deed of Trust to secure the repayment of the Note and their performance under the Deed of Trust and the Note. The Deed of Trust granted Loan Simple a lien and power of sale on certain real property and improvements (Property). The Deed of Trust named Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary "solely as nominee for [Loan Simple]." The Deed of Trust was recorded on June 3, 2015, in Tarrant County.

The record reflects that on October 12, 2017, MERS transferred and assigned the Deed of Trust to Appellee. The assignment was recorded in Tarrant County. The record contains an affidavit in which Appellee's "limited assistant vice president," Donald Edwards, averred that Appellee is the "current legal owner and holder of the Note." In his affidavit, Edwards also stated that Meyerhoff had failed to make his June 1, 2017 payment and all subsequent payments. Meyerhoff did not dispute that he had failed to make the June 1, 2017 payment and all subsequent monthly payments.

In an August 2, 2017 certified letter, Appellee notified Meyerhoff that he was in default for missing the prior three months of payments ($9,848.01); that he owed late charges ($1,210.86); and that he owed an escrow advance ($9,311.82), minus an unapplied balance ($2,404.44), for a total amount of $17,966.25 due to cure the

---

[1]Meyerhoff signed the Deed of Trust for Barr as her "Attorney-in-Fact."

3

default. The notice gave Meyerhoff until September 6, 2017, to cure the default or the maturity of the Note would be accelerated and the Property would be sold under the Deed of Trust. Meyerhoff presented no evidence that he had cured or had attempted to cure the default.

In an October 5, 2017 certified letter, Appellee's counsel sent Meyerhoff and Barr notices of acceleration, stating that the entire balance ($290,251.16) on the Note was then due. In a November 13, 2017 certified letter, Appellee's counsel sent Meyerhoff and Barr notices of a foreclosure sale, stating that the trustee or a substitute trustee would be conducting a foreclosure sale at the Tarrant County Courthouse on Tuesday, December 5, 2017, at 10:00 a.m.

The morning that the foreclosure sale was scheduled to take place, Meyerhoff filed a Chapter 13 bankruptcy petition, which stayed the foreclosure sale. The bankruptcy case was dismissed on December 27, 2017, because Meyerhoff had failed to file required documents, including certain property schedules, a statement of financial affairs, and a bankruptcy plan or summary. New notices of foreclosure sale, dated January 25, 2018, were sent to Meyerhoff and Barr. The notices stated that the foreclosure sale would take place on April 3, 2018, at 10:00 a.m., at the Tarrant County Courthouse.

On April 2, 2018, Meyerhoff filed his original petition and application for temporary restraining order, bringing various claims, including for violations of the Texas Debt Collection Practices Act (TDCPA), for violations of the Texas Property

Code, and alternatively for breach of contract. On the same day, the trial court signed a temporary restraining order, enjoining Appellee from conducting the foreclosure sale.

On April 20, 2018, Appellee answered Meyerhoff's claims and raised a counterclaim for foreclosure against Meyerhoff and Barr. In its single cause of action labeled "Suit for Foreclosure," Appellee stated as follows:

> 18. Defendant seeks a judgment for judicial foreclosure allowing it to enforce its lien against the Property in accordance with the Security Instrument and Texas Property Code section 51.002.
>
> 19. Alternatively, Defendant seeks a judgment for foreclosure together with an order of sale issued to the Tarrant County sheriff or constable, directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rule of Civil Procedure 309.

On July 10, 2018, Appellee filed a motion for summary judgment, asserting traditional summary-judgment grounds on each of Meyerhoff's claims and on its counterclaim. Appellee also included a no-evidence challenge to Meyerhoff's breach-of-contract claim, arguing that Meyerhoff had produced no evidence of the second, third, and fourth elements of such a claim. Meyerhoff filed a response but attached no summary-judgment evidence. Meyerhoff claimed that one of the parties in the chain of title lacked "capacity" because it did not exist at the time of the loan origination. Further, Meyerhoff claimed that Appellee was making an improper use of deemed admissions. Meyerhoff also challenged Edwards's affidavit as containing inadmissible, conclusory statements.

5

On August 31, 2018, the trial court signed a final summary judgment, ordering that Meyerhoff take nothing on his claims, reciting that Appellee was the current holder of the Note and assignee of the Deed of Trust, that a default had occurred on the Note, that the current outstanding balance due on the Note was $315,522.77, and that Appellee could enforce the Note through nonjudicial foreclosure as provided in the Deed of Trust and Section 51.002 of the Property Code. The final summary judgment did not contain rulings on any of Meyerhoff's evidentiary objections.

With respect to Barr's presence in the trial-court proceedings, the record reflects that the parties periodically treated her as a party but that there is no indication that she was ever served with process on Appellee's counterclaim or that she had ever entered an appearance before the trial court rendered judgment. The original petition in this matter was filed by Meyerhoff, and the caption and the body of the petition listed only him as the plaintiff. The TRO issued by the trial court granted only the relief requested by Meyerhoff, but the confusion begins in the TRO because its caption includes Barr.

Next, Appellee filed a counterclaim that joined Barr and stated, "Plaintiffs/Counter-Defendants Brent Meyerhoff and Rhonda Jane Barr ('Plaintiffs') have previously appeared herein and may be served through their counsel of record via ECF notification." The caption of this pleading also listed Barr. But Barr never appeared.

Appellee then filed its motion for summary judgment against both Meyerhoff and Barr, and the caption of this pleading included Barr as a plaintiff. An answer to the counterclaim and a response to the motion for summary judgment were filed, but both of those documents were filed on behalf of only Meyerhoff, and their captions listed only Meyerhoff as the plaintiff. Appellee then filed a reply in support of its summary-judgment motion with a caption that again included Barr as a plaintiff.

The trial court's summary judgment listed both Meyerhoff and Barr as parties and rendered judgment against them. A motion to vacate was subsequently filed, but that motion's caption also listed only Meyerhoff as the plaintiff; the motion sought relief only on behalf of "Plaintiff and Counter-Defendant" (both singular in form) and never mentioned Barr. That motion was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c).

Meyerhoff filed a notice of appeal. Barr is listed as a party to the notice of appeal and is also listed on the Appellants' brief. Barr does not raise any issue in the brief that she was not a party to the trial proceedings.

### III. SUMMARY JUDGMENT AS TO MEYERHOFF WAS PROPER

We will initially deal with the propriety of the summary judgment granted against Meyerhoff.

### A. Standards of Review

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable

7

to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant that conclusively negates at least one essential element of a plaintiff's cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). A counter-plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

## B. Analysis

### 1. Timing of summary-judgment ruling

In Meyerhoff's first point, he argues that the trial court prematurely granted summary judgment. However, other than providing a timeline showing that their lawsuit was filed on April 2, that Appellee's motion for summary judgment was filed on July 10, and that summary judgment was granted on August 31, Meyerhoff provides no explanation as to why summary judgment was premature.

A challenge to a summary-judgment proceeding as premature applies only to a no-evidence motion for summary judgment. *See Allen v. United of Omaha Life Ins. Co.*, 236 S.W.3d 315, 326 (Tex. App.—Fort Worth 2007, pet. denied) (recognizing that the

8

adequate time for discovery provision of summary-judgment rule did not apply to traditional summary-judgment motions). *Compare* Tex. R. Civ. P. 166a(i) (providing for no-evidence motion "[a]fter an adequate time for discovery"), *with* Tex. R. Civ. P. 166a(a) (providing for traditional motion "at any time after the adverse party has appeared or answered"). Appellee filed a hybrid motion, seeking traditional summary judgment on its counterclaim and on all of Meyerhoff's claims. Appellee made a no-evidence challenge only with respect to Meyerhoff's breach-of-contract claim (which was in addition to Appellee's traditional ground seeking summary judgment on Meyerhoff's breach-of-contract claim). Thus, breach of contract is the only claim to which Meyerhoff's first point could apply.

We will resolve Meyerhoff's breach-of-contract claim on the basis of Appellee's traditional motion for summary judgment. We need not reach the propriety of the trial court's granting the no-evidence motion. *See Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.—Fort Worth 2010, pet. denied) ("[H]ere we will review the propriety of granting the traditional summary judgment first because it is dispositive.").

But to even reach the merits of this point it needed to be preserved. When a party contends that he has not had an adequate opportunity for discovery before the consideration of a traditional summary-judgment motion, the party requesting additional time must file an affidavit stating the reasons for needing additional discovery or a verified motion for continuance. *See* Tex. R. Civ. P. 166a(g), 251, 252; *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). Thus, when an

"appellant d[oes] not file an affidavit or a verified motion, he fail[s] to preserve his complaint concerning discovery for our review." *Nemeth v. Republic Title of Tex., Inc.*, No. 05-17-00928-CV, 2018 WL 3062393, at *2 (Tex. App.—Dallas June 21, 2018, no pet.) (mem. op.); *cf. Gilford v. Tex. First Bank*, No. 01-13-00384-CV, 2014 WL 3408698, at *7–8 (Tex. App.—Houston [1st Dist.] July 10, 2014, pet. denied) (mem. op.) (holding no abuse of discretion when trial court granted no-evidence motion for summary judgment and implicitly ruled that an adequate time for discovery had passed because the nonmovant "did not raise this argument before the trial court ruled on [the movant's] summary[-]judgment motions"; "did not file an affidavit explaining the need for further discovery, nor did he file a verified motion for continuance"; did "not contend that the time the case was pending in the trial court was insufficient for discovery to be completed"; did not "address the nature of the case or the nature of the evidence needed to controvert [the movant's] no-evidence summary[-]judgment motion"; and did not "set out the amount of discovery that had already taken place, the additional discovery that needed to take place, or why he could not obtain the needed discovery before the submission of the summary[-]judgment motions").

In his summary-judgment response, Meyerhoff did not object that summary judgment would be premature based on needed discovery, nor did he file a verified motion for continuance or an affidavit requesting additional time to respond. *See Robeson v. Mortg. Elec. Registration Sys., Inc.*, No. 02-10-00227-CV, 2012 WL 42965, at *4

10

(Tex. App.—Fort Worth Jan. 5, 2012, pet. denied) (mem. op.) (holding no abuse of discretion in granting no-evidence summary judgment when homeowner "failed to file an affidavit or verified motion for continuance explaining the need for further discovery"). Indeed, even in Meyerhoff's unverified motion to vacate, he did not explain what discovery was needed or otherwise apprise the trial court of why he needed additional time for discovery. Therefore, Meyerhoff's complaint that the trial court prematurely granted summary judgment was waived. *See Nemeth*, 2018 WL 3062393, at *2.

Accordingly, we overrule Meyerhoff's first point.

**2. The affidavit filed by Appellee in support of its motion for summary judgment is not conclusory.**

Appellee moved for traditional summary judgment on Meyerhoff's claims for (1) violations of the TDCPA, (2) violations of the property code, (3) breach of contract, (4) injunctive relief, (5) a declaratory judgment, and (6) attorney's fees. Meyerhoff argues that Appellee's summary-judgment proof was defective because Edwards's affidavit was conclusory.

With respect to Meyerhoff's objections to Edwards's affidavit, Meyerhoff failed to obtain rulings from the trial court on his objections. In order to preserve a complaint for appeal, a party who makes objections to the form rather than the substance of an opponent's summary-judgment evidence must object and obtain a ruling on its objection. *Seim v. Allstate Texas Lloyds*, 551 S.W.3d 161, 163–64 (Tex.

11

2018).  There remains a split of authority regarding whether the failure to detail the basis for personal knowledge constitutes a defect of form or substance.  *Wash. DC Party Shuttle, LLC v. IGuide Tours, LLC*, 406 S.W.3d 723, 731–36 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (en banc) (detailing split in authority); *see also Hobson v. Francis*, No. 02-18-00180-CV, 2019 WL 2635562, at *5 (Tex. App.—Fort Worth June 27, 2019, no pet.) (stating that "[w]hen a party objects to *formal defects in summary-judgment affidavits, such as lack of personal knowledge*[,] . . . the opposing party must be given an opportunity to amend the affidavits" to meet objections (emphasis added)).

We need not resolve this split because the affidavit establishes that it is based on personal knowledge.  The affiant detailed the records that he had reviewed and concluded that "[t]he facts stated within this declaration are based on personal knowledge obtained from my review of the records and documents of [Appellee] pertaining to the Loan of Brent Meyerhoff and Rhonda Jane Barr, Plaintiffs in the current lawsuit, including the records attached as exhibits to this affidavit."  Such a statement is adequate to establish the basis of personal knowledge.  *See Houle v. Capital One Bank (USA), N.A.*, 570 S.W.3d 364, 373 (Tex. App.—El Paso Dec. 19, 2018, pet. denied) (op. on reh'g) (cataloging cases); *see also Long v. Sw. Funding, L.P.*, No. 03-15-00020-CV, 2017 WL 672445, at *5 (Tex. App.—Austin Feb. 16, 2017, no pet.) (mem. op.) ("[A]n affidavit can still establish an affiant's personal knowledge of the referenced documents even if a third-party created the documents.").

12

### 3. Appellee met its summary-judgment burden.

Meyerhoff further argues that Appellee's motion for summary judgment improperly relied on deemed admissions, which he claims were simply requests for him to admit or deny pure questions of law. We do not reach this question. Assuming without deciding that the deemed admissions are not competent to support summary judgment, Appellee's other summary-judgment proof conclusively negated Meyerhoff's factual assertion that formed the basis of his claims for relief. That is, the summary-judgment record establishes that Loan Simple had capacity at the time of origination, so all of Meyerhoff's claims were properly dismissed by summary judgment.

Meyerhoff's theory of liability can be summarized as challenging whether the original lender, Loan Simple, was registered with the Texas Secretary of State at the time of the Note's origination and the assignment of the Deed of Trust. Our understanding of Meyerhoff's theory is that if Loan Simple were not an active corporation, it could not assign its interest in the Note to Appellee and all of Appellee's subsequent communications and actions would be actionable under Meyerhoff's various statutory and common-law theories of liability.[2]

---

[2]In our view, Meyerhoff's argument could be construed as challenging Appellee's standing to foreclose because of defects in Appellee's chain of assignments. *See Vazquez v. Deutsche Bank Nat'l Tr. Co., N.A.*, 441 S.W.3d 783, 786 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("If foreclosure on a home is initiated by a person or entity whose right to foreclose is contingent upon the validity of an

13

Meyerhoff's argument is premised on a search of the Colorado Secretary of State's business database in which he purported to discover that Loan Simple had been dissolved prior to the Note's origination. While the record does contain "Articles of Dissolution" indicating that since 2011, "Loan Simple Inc." has been dissolved pursuant to Colorado law, Appellee attached to its motion for summary judgment a "Periodic Report" from the Colorado Secretary of State indicating the continued existence and active status of "Loan Simple**,** Inc." [Emphasis added.] Appellee also attached a printout from the Texas Comptroller's entity search, indicating that "Loan Simple, Inc." has been registered to do business in Texas since 2006 and is an active corporation. According to Appellee, Meyerhoff has simply missed the comma and thus ended up confusing "Loan Simple Inc." with "Loan Simple, Inc."—two separate and distinct entities.[3]

The summary-judgment record conclusively establishes that "Loan Simple, Inc." was in existence at the time that the Loan was originated. Thus, Loan Simple, Inc.'s indorsement in blank on the Note was effective to make it payable to one in lawful possession of it. *See Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 958 (Tex.

---

assignment, the homeowner has standing to attack the assignment and thereby seek to stop or reverse the foreclosure.").

[3]We do note that there appears to be continuity between the entities as Jason Dozois was the individual who filed the Articles of Dissolution for Loan Simple Inc.; Nathan Dozois was the individual who signed the Allonge to the Note as CEO of Loan Simple, Inc.; and both are listed on the public-information report from the Texas Comptroller's entity search as officers of Loan Simple, Inc.

App.—Dallas 2013, no pet.) ("[W]hen endorsed in blank, 'an instrument becomes payable to bearer and may be negotiated by transfer of possession alone.'" (quoting Tex. Bus. & Com. Code Ann. § 3.205(b))); *Robeson*, 2012 WL 42965, at *4 ("An instrument containing a blank endorsement is payable to the bearer and may be negotiated by transfer of possession alone."). Because Appellee established lawful ownership of the Note, it had standing to accelerate the Note. *See EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 543 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding that "affidavit testimony that it possessed the note, as well as a copy of the note indorsed in blank . . . was sufficient to show that EverBank had standing to foreclose as the holder of the note").

Further, MERS, acting as nominee for Loan Simple, was able to transfer and assign any interest in the Deed of Trust to Appellee. *See Robeson*, 2012 WL 42965, at *5 (discussing MERS and recognizing its role in transferring mortgage instruments). Thus, Appellee qualifies as the mortgagee and also has standing to pursue foreclosure under the Deed of Trust. *See* Tex. Prop. Code Ann. §§ 51.001(4)(C), .002; *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *5 (Tex. App.—Austin Aug. 30, 2012, pet. denied) (mem. op.) ("[Section] 51.002 of the property code authorizes a mortgagee to sell real property under a power of sale conferred by a deed of trust." (internal quotation marks omitted)).[4]

---

[4]Even if Meyerhoff succeeded on his claim that the record failed to establish assignment of the Note to Appellee, his claim that Appellee lacked the power to

Outside of Meyerhoff's challenge to the capacity of Loan Simple's purportedly creating gaps in Appellee's chain of title, there is no argument or evidence challenging Appellee's standing to send notices of default and acceleration or to pursue a foreclosure sale.[5] Indeed, as Meyerhoff makes clear in his appellate brief, Meyerhoff's TDCPA claim, property-code claim, and his alternate breach-of-contract claim are all

---

foreclose still fails. He does not claim that there is inadequate proof of the assignment of the Deed of Trust. The assignment of the Deed-of-Trust rights gave Appellee the power to foreclose, even if it were not assigned the Note:

> In fact, Texas law does not require the person or entity seeking foreclosure to be the owner or holder of the note. *See Morlock L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 518 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (noting that the Fifth Circuit had "correctly recognized that the 'weight of Texas authority' supports the proposition that the party owning the deed of trust need not also show that it is the owner or holder of the note in order to foreclose[]"); *Morlock L.L.C. v. Nationstar Mor[t]g. L.L.C.*, 447 S.W.3d 42, 47 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("Morlock's allegation that Nationstar is not the owner or holder of the Note is irrelevant with respect to Nationstar's right to enforce the Deed of Trust through non-judicial foreclosure under Texas law."); *Farkas v. Aurora Loan [Servs.], LLC*, No. 05-12-01095-CV, 2013 WL 6198344, at *4 (Tex. App.—Dallas Nov. 26, 2013, pet. denied) ("A party asserting an interest under the deed of trust is not required to possess the corresponding note as a prerequisite to foreclose."); *Lowery v. Bank of Am., N.A.*, No. 04-12-[00]729-CV, 2013 WL 5762227, at *2 (Tex. App.—San Antonio Oct. 23, 2013, no pet.) ("A promissory note and the deed of trust that secures the note constitute two separate and severable obligations of the debtor-mortgagor, each with its own distinct remedy for the breach of those obligations.").

*Farris v. Nationstar Mortg. LLC*, No. 05-17-01491-CV, 2019 WL 1512575, at *2 (Tex. App.—Dallas Apr. 8, 2019, no pet.) (mem. op.).

[5]Nor is there any challenge that these notices contain some other defect.

premised on challenging Loan Simple's capacity at the time of origination: "[I]f there was no capacity for the originating party, or for the maker of the [t]ransfer, then each notice . . . was in violation of the Property Code and TDC[P]A." Thus, because Appellee conclusively established that Loan Simple was in existence when the Loan was originated, Appellee, Loan Simple's assignee, did not violate the TDCPA or the property code or breach the Deed of Trust by sending notices of default, acceleration, and foreclosure. *See Robeson*, 2012 WL 42965, at \*6 (concluding that the trial court did not err by granting summary judgment on the borrower's claims, "which are based entirely on her argument that [the lender] lacked the capacity to enforce the terms of the note and deed of trust").

Meyerhoff also pleaded claims for injunctive relief and for declaratory judgment. Appellee moved for summary judgment on the basis that those claims were dependent on Meyerhoff's recovery on his breach-of-contract claim or duplicative of other relief sought by Meyerhoff. The only issue that Meyerhoff raises in his brief about these additional claims is that he

> is entitled to injunctive relief because he is statutorily entitled to it under TDC[P]A due to the foregoing wrongful acts of Pacific, to prevent further acts to deprive Meyerhoff of title to and possession of the Property, *since there is a lack of demonstrated authority for all acts beginning with the origination, indorsement of the Note, the Transfer, and the subsequent appointment of substitute trustees to threaten foreclosure sales.* There is further a right to injunctive relief under the Court's equitable powers, to prevent violations of Meyerhoff's right to the ownership and possession of the Property as against those who cannot demonstrate their own right, and from the Transfer and Assignment forward, Pacific cannot claim that right. [Emphasis added.]

17

Thus, Meyerhoff raises no argument about the propriety of the grant of summary judgment that is not subsumed within our holding on his breach-of-contract claim.

Accordingly, we overrule Meyerhoff's second point.

### 4. Appellee's pleadings gave adequate notice of its claim for nonjudicial foreclosure, and the proof conclusively established Appellee's entitlement to that remedy.

Meyerhoff's third point challenges the propriety of summary judgment on Appellee's counterclaim for foreclosure. Meyerhoff argues that Appellee's counterclaim sought a judicial foreclosure while its motion for summary judgment sought a nonjudicial foreclosure. Meyerhoff contends that by granting summary judgment for Appellee to pursue a nonjudicial foreclosure, the trial court granted Appellee relief that was not supported by pleading or proof.

Although not a model of clarity, Appellee pleaded for nonjudicial foreclosure pursuant to chapter 51 of the Texas Property Code and, in the alternative, for judicial foreclosure pursuant to rule of civil procedure 309. The rules of civil procedure expressly permit such alternative pleading. *See* Tex. R. Civ. P. 48; *Santiago v. Cent. Mortg. Co.*, No. 05-14-00552-CV, 2015 WL 1805048, at *6 (Tex. App.—Dallas Apr. 21, 2015, pet. denied) (mem. op.) ("Even assuming without deciding that the sections of Central's pleading pertaining to judicial foreclosure and non-judicial foreclosure were, as alleged by the Santiagos, 'inconsistent,' Central was entitled to include both sections in its pleading pursuant to rule 48."). Indeed, this court has affirmed a

18

summary judgment allowing for the mortgagee to pursue a nonjudicial foreclosure after the mortgagee had pleaded for a judicial or nonjudicial foreclosure. *Weeks v. Bank of Am., N.A.*, No. 02-13-00039-CV, 2014 WL 345633, at *1–2 (Tex. App.—Fort Worth Jan. 30, 2014, no pet.) (mem. op.) (affirming trial court's summary judgment authorizing appellee to enforce deed of trust by nonjudicial foreclosure when appellee pleaded for "nonjudicial foreclosure, or in the alternative, a judicial foreclosure").

While Appellee's counterclaim did seek a "judgment for judicial foreclosure," it went on to request a judgment "allowing it to enforce its lien against the Property in accordance with the [Deed of Trust] and Texas Property Code [S]ection 51.002." And Appellee's motion for summary judgment similarly sought relief "allowing it to proceed with foreclosure in accordance with the [Deed of Trust] and Texas Property Code [S]ection 51.002, or judicial foreclosure under Texas Rule of Civil Procedure 309." Section 51.002 governs nonjudicial foreclosures. Tex. Prop. Code Ann. § 51.002. Thus, we conclude that the summary judgment for a nonjudicial foreclosure to be conducted pursuant to the Deed of Trust and Section 51.002 of the Property Code was supported by Appellee's pleading.

With respect to the proof supporting the judgment for nonjudicial foreclosure, Appellee conclusively established the existence of a debt that was in default, including the amount due and owing; the requisite notices of default, acceleration, and foreclosure sale were provided to Meyerhoff; and Appellee's standing as the mortgagee or noteholder to pursue a nonjudicial foreclosure. *See Weeks*, 2014 WL

19

345633, at *4 (affirming judgment for nonjudicial foreclosure "pursuant to the other summary[-]judgment evidence, including the deed of trust, which was also attached to the motion for summary judgment"). Meyerhoff sets forth nothing to contradict or challenge this proof. Therefore, the trial court did not err by granting summary judgment in favor of Appellee on its counterclaim.

Accordingly, we overrule Meyerhoff's third point.

## IV. THE SUMMARY JUDGMENT IS VOID AS TO BARR

As set forth above, with respect to Barr's presence in the trial-court proceedings, the record reflects that she was never served with process and that she had never entered an appearance before the trial court rendered judgment.

It is axiomatic that a "trial court ha[s] no jurisdiction either to enter judgment or to enforce it against a party who had neither been properly served nor appeared." *Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 796–97 (Tex. 2006); *see also* Tex. R. Civ. P. 124 ("In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules."). A party may serve a counterclaim in accordance with the provisions of Texas Rule of Civil Procedure 21a, but service in that circumstance requires that the counter-defendant have entered an appearance. Tex. R. Civ. P. 124 ("When a party asserts a counterclaim or a cross-claim *against another party who has*

*entered an appearance*, the claim may be served in any manner prescribed for service of citation or as provided in Rule 21(a)." (emphasis added)).

As we have outlined above, the only time that Barr's name appears in this suit as a plaintiff is in the style of the suit in the TRO, Appellee's counterclaim, Appellee's summary-judgment motion and reply, and the trial court's judgment. The judgment of the trial court is void as to Barr because it never acquired jurisdiction over her:

> When, as here, a trial court enters a judgment before it acquires jurisdiction of the parties, the judgment is void. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985); *In re Mask*, 198 S.W.3d 231, 234 (Tex. App.—San Antonio 2006, orig. proceeding) ("A judgment or order is void when it is apparent that the court rendering it lacked jurisdiction of either the parties or the subject matter of the lawsuit."). A void order has no force or effect and confers no rights; it is a mere nullity. *In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding). A void order is not subject to ratification, confirmation, or waiver. *Id.*

*Velasco v. Ayala*, 312 S.W.3d 783, 798–99 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *see also In re Merino*, 542 S.W.3d 745, 747 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) ("A judgment is void and subject to collateral attack if there was 'a complete failure or lack of service' that violates due process." (quoting *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273–74 (Tex. 2012))).

Barr, described as a "Counter-Defendant," is listed as an appellant in the notice of appeal, but we acquire jurisdiction only over parties to the trial court's judgment. *See* Tex. R. App. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order

21

appealed from."). As noted, Barr was a stranger to the proceeding when the trial court ostensibly rendered judgment against her.

Further, when we encounter a judgment that is void as to one party, we have no jurisdiction to review the judgment as to that party:

> Because jurisdiction is fundamental, an appellate court must determine, even *sua sponte*, whether it has jurisdiction to consider an appeal. An appellate court's jurisdiction extends no further than the jurisdiction of the trial court. When the trial court acts outside its jurisdiction, the proper action by the reviewing court is to set aside the improper judgment and dismiss the appeal.

*Ins. Co. of the State of Penn. v. Martinez*, 18 S.W.3d 844, 846–47 (Tex. App.—El Paso 2000, no pet.); *see also Bird v. Kornman*, 152 S.W.3d 154, 160 (Tex. App.—Dallas 2004, pet. denied) ("When faced with a void judgment on appeal, the appellate court should declare the judgment void."). Accordingly, we lack jurisdiction to consider the merits, if any, of Barr's attempted appeal.

## V. CONCLUSION

Having overruled Meyerhoff's three points, we affirm the trial court's judgment as to him. Having determined that the judgment is void as to Barr, we vacate the trial court's judgment as to her and dismiss her appeal.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: October 10, 2019

22