

| | § | |
| ABIE WOLF, | | No. 08-19-00147-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 448th District Court |
| | § | |
| SALVADOR C. RAMIREZ, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 2018DCV1155) |
| | § | |

## O P I N I O N

This appeal is one part of a multi-case saga stemming from the disputed ownership of a motor home. Appellant Abie Wolf lost in a jury trial in his quest to assert ownership over a certain recreational vehicle owned by Garry and Bonnie Starr. With a six-figure judgment rendered against him, Appellant filed for Chapter 13 bankruptcy. After his Chapter 13 case was dismissed, he sought the advice of another bankruptcy attorney, Appellee Salvador Ramirez. Appellee subsequently filed Chapter 7 bankruptcy on Appellant's behalf, but the bankruptcy proceedings did not go how either gentleman anticipated. Appellant then filed a legal malpractice suit against Appellee, alleging Appellee never had authority to file the bankruptcy on his behalf, and that he conspired against Appellant with other attorneys in the bankruptcy to deprive him and his family of money and property. Appellee moved to dismiss Appellant's claims by summary judgment, arguing Appellant had no evidence to support his various causes of action, and producing a number of documents disproving one or more elements of each of Appellant's claims against him. The

trial court granted Appellee's motion for summary judgment, and Appellant filed this appeal.

## BACKGROUND

### *Factual Background*

Garry and Bonnie Starr obtained a judgment of approximately $400,000 against Appellant after filing suit against him for fraud and other causes of action related to his refusal to turn over possession of their motor home after he towed it from Van Horn to El Paso.

According to Appellee, Appellant originally contacted him in May or June of 2013 to file a Chapter 7 bankruptcy on his behalf. Appellant previously filed for Chapter 13 bankruptcy twice through another attorney, both of which were dismissed. Appellant's most recent Chapter 13 bankruptcy was dismissed on September 20, 2013. The bankruptcy court in his most recent Chapter 13 bankruptcy prescribed a two-year moratorium on refiling for any type of bankruptcy. Accordingly, Appellee claims he informed Appellant he would not be able to provide him with any type of bankruptcy assistance until the period ended in September of 2015. In the months leading up to the end of the proscribed period, Appellee claims he was in close contact with Appellant preparing the paperwork to be filed once he was able.

The moratorium ended on September 20, 2015. On or about September 22, 2015, Appellee filed a Chapter 7 bankruptcy petition on Appellant's behalf for, among other things, the Starrs' judgment against Appellant. Appellant claims he never authorized Appellee to file the petition on Appellant's behalf, and alleges he incurred significant damages as a result.

### *Procedural History*

Appellant filed suit against Appellee in Galveston County on September 18, 2017. Appellant's claims against Appellee are for legal malpractice, breach of fiduciary duties, and civil

conspiracy.[1] Specifically, Appellant alleges Appellee: (a) failed to follow 11 U.S.C. § § 528(a) and 101(4)(A); (b) filed Appellant's bankruptcy petition four months after Appellant signed it and did not follow Appellant's alleged instructions not to file it; (c) filed for bankruptcy on behalf of Appellant for a non-dischargeable debt; (d) did not object to the proof of claim filed in the bankruptcy; (e) interfered with Appellant's daughter's case in federal court; (f) represented Appellant without Appellant's knowledge or permission in the adversary proceeding associated with Appellant's bankruptcy case; (g) filed incorrect Schedule F forms in the bankruptcy; and (h) conspired with other lawyers involved in the bankruptcy to deprive Appellant and his family members of their money and properties. According to Appellant's complaint, all of the foregoing alleged acts and omissions form the bases for his causes of action for legal malpractice, breach of fiduciary duty, and conspiracy.

The case was transferred from Galveston County to El Paso County. After several transfers among the district courts of El Paso, it landed in the 448th District Court on June 13, 2018. Presiding Judge of the Sixth Administrative Region, Stephen Ables, assigned himself to preside over the case after Judge Sergio Enriquez voluntarily recused himself.

**Appellee's Motion for Summary Judgment**

On March 22, 2019, Appellee filed his motion for summary judgment. In the motion, Appellee states no evidence supports Appellant's claims he was instructed by Appellant not to file the Chapter 7 bankruptcy petition, and the undisputed evidence proves Appellant knew about the Chapter 7 petition and it was filed at his request. In support, Appellee attached a certified copy of the order dismissing Appellant's Chapter 13 bankruptcy petition on September 20, 2013, and prescribing a two-year injunction against refiling; a certified copy of the Chapter 7 bankruptcy

---

[1] Appellant also states claims of professional liability and professional negligence, which fall under the purview of legal malpractice.

3

petition he filed for Appellant two days after expiration of the two-year injunction; certified copies of amendments to the bankruptcy petition signed by Appellant; and other documents filed in the bankruptcy proceeding bearing Appellant's signature. He also attached affidavits from two of his legal assistants describing their interactions with Appellant. He provided the transcript of the proceedings in the creditors meeting in Appellant's bankruptcy wherein Appellant admits under oath that the petition in bankruptcy was his, he had read it in full, and it was accurate.

Appellee alleges there is no evidence supporting Appellant's contention that he conspired with other lawyers to deprive Appellant or his family of money and property.

Appellee likewise argues there is no evidence he did not comply with the stated sections of the Bankruptcy Code, which require those offering bankruptcy assistance to provide their clients with contracts, inform the clients what services will be provided and what fees are charged for those services. In support of this no-evidence point, Appellee attached the information provided to Appellant regarding Appellee's provision of bankruptcy services as evidence of his compliance with these provisions of the Bankruptcy Code.

Appellee's motion claims no evidence supports the contention that Appellee knew or should have known the state court judgment against Appellant was non-dischargeable. Appellee claims there is no evidence supporting Appellant's claim that he failed to object to a proof of claim filed by the Starrs that purportedly had Appellant's forged signature on it, citing to a Fifth Circuit Court of Appeals opinion indicating lack of merit supporting this claim by Appellant, which was originally offered in the bankruptcy proceeding and later appealed to the Fifth Circuit by Appellant.

Finally, Appellee argues there is no evidence supporting the claim that he interfered in Appellant's daughter's lawsuit.

**Appellant's Response to Motion for Summary Judgment**

Appellant filed a "Cross Motion for Summary Judgment" on April 24, 2019, which he represented to the trial court was his response to Appellee's motion.

In responding to the grounds for summary judgment put forward by Appellee, Appellant argued as follows:

- Because Appellant signed the Chapter 7 bankruptcy petition on June 22, 2015, but not filed until September 22, 2015, Appellee filed the petition without Appellant's consent and against his express wishes.

- Appellant claims he was "dragged" to the meeting with the bankruptcy trustee against his wishes and was told he had no choice but to sign the amendments to the Schedule F forms. He also claims Appellee incorrectly prepared the Schedule F forms, which is why the bankruptcy court denied them and Appellee had to re-file them a second time.

- Appellee made Appellant sign an affidavit regarding his income tax returns in lieu of providing the actual returns to the bankruptcy court, without explaining to him what the document was.

- Including the Starrs' judgment against Appellant to the list of creditors filed with the bankruptcy court is proof Appellee was conspiring with the Starrs' attorney, Juan Carlos Garay.

- Gisela Sarellano's affidavit was made in bad faith and is not based on her personal knowledge.

- Appellant's bankruptcy dismissal is the result of Appellee conspiring with Juan Carlos Garay and the trial court judge in the Starrs' case against him so they could collect money against him.

- The affidavit of Armida Ramirez was made in bad faith.

5

- Appellee conspired with the Chapter 7 Bankruptcy Trustee and the United States Trustee to get the bankruptcy discharged.

- Appellant told Appellee not to sign an agreed order regarding disposition of property owned by his ex-wife and Appellee did it anyway.

- The affidavit made by Gabe Perez, the attorney representing the Starrs as creditors in Appellant's bankruptcy case, shows Appellee conspired with Perez because Perez was aware of the contents of Appellant's bankruptcy schedules. Appellant also claims Perez's affidavit is proof of Perez's collusion with the bankruptcy trustees.

Appellant included an affidavit verifying the contents of his motion for summary judgment, but no additional affidavits. As exhibits to his response, he attached pleadings and other filed documents from the instant case, a copy of the text of 11 U.S.C. § 528, the petition for bankruptcy filed on his behalf by Appellee, the transcript from the meeting of creditors discussed in Appellee's motion and Appellant's response, the Texas title Appellant obtained for the motor home at issue with the Starrs, a copy of the first page of the online grievance form he completed against Appellee, a copy of the notice of withdrawal filed by Appellee in the bankruptcy adversarial proceeding, a letter regarding Appellee not being able to represent Appellant in an appeal of the judgment of the bankruptcy court, and other documents filed in cases in which Appellant has been a party or otherwise involved.

Following a hearing on May 2, 2019, the trial court granted Appellee's motion on May 4, 2019. Appellant timely filed this appeal.

## DISCUSSION

Appellant raises fifteen issues on appeal, which we have consolidated into the following five subsets:

Part One: In his first and ninth issues, Appellant states the trial court erred in considering Appellee's affidavit in support of his motion for summary judgment, at least in part because it did not comply with Rule 166a(h).

Part Two: In his second, fourth, and seventh issues, Appellant claims the trial court committed error in granting Appellee's motion for summary judgment on no-evidence grounds because (1) the motion was not a no-evidence motion, (2) Appellee failed to move for summary judgment on each of Appellant's causes of action, and (3) Appellee failed to state with specificity which elements he alleged Appellant had no evidence of.

Part Three: In his fifth, sixth, eighth, and fourteenth issues, Appellant argues a material issue of fact exists to preclude granting summary judgment on traditional grounds.

Part Four: In his tenth, eleventh, twelfth, thirteenth, and fifteenth issues, Appellant states the trial court erred in not considering his response to Appellee's motion for summary judgment or the evidence attached thereto.

Part Five: In his third issue, Appellant posits the trial court's judgment should be reversed and remanded because it does not dispose of all of the claims in his lawsuit.

We must decide the nature of Appellee's motion to apply the proper summary judgment standard and the order in which to address Appellant's issues. *See Rodgers v. Weatherspoon*, 141 S.W.3d 342, 344 (Tex.App.--Dallas 2004, no pet.). The "nature of a motion is determined by its substance," not its title. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008). The same is true in determining whether a motion for summary judgment is no-evidence or traditional. *See Rodgers*, 141 S.W.3d at 344 (*citing State Bar v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980)). When both parties offer evidence at the summary judgment phase, the ultimate question is whether a fact issue exists. *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013), *superceded by statute on unrelated*

*issue as stated in Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 791 (Tex. 2019)(*citing Buck v. Palmer*, 381 S.W.3d 525, 527 & n.2 (Tex. 2012)).

Although not titled as such, Appellee's motion is a hybrid motion, stating repeatedly that the undisputed evidence shows no disputed issues of fact and Appellee is entitled to judgment as a matter of law, while also arguing that no evidence exists to prove one or more elements of Appellant's claims. Where an appellate court is presented with summary judgment on both no-evidence and traditional grounds, it looks first to whether the no-evidence motion supports the judgment. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017)(*citing Fort Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)). Accordingly, we will look first at whether Appellee's no-evidence motion supports the trial court's judgment, and proceed with the remaining issues as necessary. However, before we decide the merits of Appellee's summary judgment arguments, we first analyze Appellant's arguments that the trial court improperly considered Appellee's affidavits in support of his motion.

### *Part One: Whether the trial court erred in considering affidavits in support of Appellee's motion for summary judgment*

In his first and ninth issues, Appellant states the trial court erred in considering the affidavits in support of Appellee's motion for summary judgment, because they violate Rule 166a(h) regarding summary judgment affidavits made in bad faith. Appellee does not explicitly address this point in his brief.

Whether evidence is admissible in a summary judgment proceeding is the same determination we are called on to make concerning evidence at trial. *See Houle v. Capital One Bank (USA) N.A.*, 570 S.W.3d 364, 369 (Tex.App.--El Paso 2018, pet. denied)(*citing Seim v. Allstate Texas Lloyds*, 551 S.W.3d 161, 163-64 (Tex. 2018)). "The admission or exclusion of evidence rests in the sound discretion of the trial court." *Id.* (*citing Interstate Northborough*

*Partnership v. State*, 66 S.W.3d 213, 220 (Tex. 2001)). For summary judgment evidence to be admissible, it must be in a form that is also admissible at trial. *Id.* (*citing* TEX.R.CIV.P. 166a(f)).

Whether a trial court properly admitted or excluded summary judgment evidence is reviewed under an abuse of discretion standard. *Id.*

> The test for abuse of discretion is not whether, in our opinion, the facts present an appropriate case for the trial court's actions. Rather, it is a question of whether the trial court acted without reference to any guiding rules and principles. In other words, we must determine whether the court's rulings were arbitrary or unreasonable. The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. [Internal citations omitted].

*Houle,* 570 S.W.3d at 369.

In Appellant's response to Appellee's motion for summary judgment, he objects to the affidavits filed by Appellee in support of Appellee's motion for summary judgment, claiming they were filed in bad faith and thus violate Rule 166a(h). Rule 166a(h) states,

> Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

TEX.R.CIV.P. 166a(h). Other than pointing out one of the affidavits is made by Appellee's wife, who is also Appellee's legal assistant according to the affidavit, Appellant is not specific about why he believes the affidavits were made in bad faith, nor does he offer any controverting affidavits or other controverting proof that their contents are incorrect, much less made in bad faith.

Nothing in the clerk's record indicates Appellant's objection was ruled upon by the trial court in writing. Furthermore, the record of the arguments at the hearing on the motion for

9

summary judgment do not include even a verbal ruling on Appellant's objections to the affidavits in question. "The rules of error preservation applicable during trial also apply in summary-judgment proceedings." *Houle*, 570 S.W.3d at 369. (*citing* TEX.R.APP.P. 33.1(a)). "[T]o preserve a complaint for appellate review: (1) a party must complain to the trial court by way of a timely request, objection, or motion; and (2) the trial court must rule or refuse to rule on the request, objection, or motion." *Id.* (*citing* TEX.R.APP.P. 33.1(a)). Where a party does not obtain a written ruling on the objections "at, before, or very near the time the trial court rules on the motion for summary judgment," the objections are waived. *See id.* (*citing* TEX.R.APP.P. 33.1(a)). Although purely *substantive* defects in an affidavit may be raised for the first time on appeal, defects based purely on *form* must be preserved at the trial court level. *Id.* at 369-70. Substantive defects are those where the affidavit is "obviously based on hearsay." *See Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 234 (Tex. 1962).

In examining the three affidavits offered by Appellee in support of his motion for summary judgment, we find the following:

The first affidavit is from Gisela Sarellano, one of Appellee's legal assistants during the time period that Appellant sought to file bankruptcy through Appellee. Although some of the statements could be based on hearsay, such as Ms. Sarellano's testimony regarding what Appellant told Appellee, it is equally likely that Ms. Sarellano witnessed the conversations at Appellee's office and is recalling what she witnessed. She also testifies about comments Appellant made to her specifically. Statements made by a party and offered by the opposing party against him are not hearsay. *See* TEX.R.EVID. 801(e)(2)(A). Accordingly, we do not find this affidavit is clearly based on hearsay statements nor is there any evidence to support Appellant's claim it was made in bad faith.

10

The second affidavit is from Armida L. Ramirez, another legal assistant to Appellee during the time period Appellant sought his services. Her affidavit is similar to Sarellano's in its description of Appellant's behavior in the office toward Appellee, as well as offering testimony about her personal interactions with Appellant. Some of these personal interactions include her duties in preparing the requisite bankruptcy paperwork for Appellant's signature and her witnessing him signing certain documents and paying requested fees. Contrary to Appellant's contentions, it appears Ms. Ramirez's affidavit is based upon personal knowledge and not hearsay. *See* TEX.R.EVID. 801(e)(2)(A). Moreover, contrary to Appellant's suggestion, whether Ms. Ramirez is Appellee's wife does not have any bearing on whether she is also his legal assistant, nor does it affect her ability to opine on interactions with Appellant she personally witnessed. Accordingly, we do not find this affidavit is clearly based on hearsay nor is there any indication it was made in bad faith.

The third and final affidavit is from Gabe Perez, an attorney who represented the Starrs as creditors in Appellant's bankruptcy proceeding. Mr. Perez's affidavit consists solely of his recollection of the meeting of the creditors in Appellant's Chapter 7 bankruptcy case, and a brief discussion of his representation of the Starrs. He also offers an opinion refuting Appellant's allegations of conspiracy and collusion purportedly between Appellee, the Chapter 7 bankruptcy trustee's attorney, himself, and his partner. None of the affidavit's contents appear based on hearsay, nor has Appellant offered any evidence it was made in bad faith.

Because each of the three affidavits are not apparently based on hearsay, nor is any evidence offered by Appellant to controvert the contents of the three affidavits or to support his claim they were made in bad faith, it appears the objections made by Appellant are, at most, purely formal. *See Houle*, 570 S.W.3d at 370. We therefore hold Appellant waived his right to object to

11

these defects when he failed to secure a written ruling from the trial court regarding their admissibility in the summary judgment proceedings. Appellant's first and ninth issues are overruled.

### Part Two: Whether the trial court erred in granting Appellee's motion for summary judgment on no-evidence grounds

In his second, fourth, and seventh issues, Appellant claims the trial court committed error in granting Appellee's motion for summary judgment on no-evidence grounds when (1) the motion was not a no-evidence motion, (2) he failed to move for summary judgment on any of the claims asserted by Appellant, and (3) Appellee failed to state with specificity which elements he alleged Appellant had no evidence of.

Summary judgments are reviewed *de novo*. *Houle*, 570 S.W.3d at 368. To prevail on a no-evidence motion for summary judgment, the same legal sufficiency standard is applied as that of a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003)(*citing Barraza v. Eureka Co.*, 25 S.W.3d 225, 231 (Tex.App.--El Paso 2000, pet. denied). Evidence is reviewed in the light most favorable to the non-movant, disregarding all evidence and inferences to the contrary. *Id.* at 751. A no-evidence motion is granted "when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of a vital fact." *Id.* (*citing Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Where a respondent offers "more than a scintilla of probative evidence to raise a genuine issue of material fact[,]" a no-evidence summary judgment may not be granted. *Id.* (*citing* TEX.R.CIV.P. 166a(i); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002)). "[W]hen the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact[,]'" the respondent has

failed to show more than a scintilla of evidence. *King Ranch, Inc.*, 118 S.W.3d at 751. In contrast, "[m]ore than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Id.* (*citing Merrell Dow Pharms., Inc.*, 953 S.W.2d at 711).

Having already determined Appellee's motion is a hybrid motion, containing both no-evidence and traditional grounds, we overrule Appellant's second issue. *See Rodgers*, 141 S.W.3d at 344.

Next, we examine Appellant's fourth and seventh issues and whether Appellee moved for summary judgment on any of Appellant's claims; and, if so, which elements of which claims were addressed by Appellee's motion. In his brief, Appellant argues Appellee's motion "fails to move for summary judgment on any cause of action or claims asserted by [Appellant] in his original petition. A good example of this omission . . . is his decision to overlook the malpractice claim asserted by Appellant[.] . . . Ramirez also fails to address the material facts underlying this malpractice claim[.]" Appellant goes on to reiterate the alleged facts underlying the malpractice, claiming they illustrate "a clear case of malpractice" which Appellee's motion purportedly fails to address. Appellee, in his brief, counters that his motion and the evidence attached thereto disprove all of the elements of each of Appellant's claims against him.

Movants for no-evidence summary judgment must state specifically which elements of a claim or defense they allege the party bearing the burden of proof has failed to satisfy. *See* TEX.R.CIV.P. 166a(i); *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). No-evidence motions cannot be conclusory or state simply that the claimant has failed to produce evidence in support of the claim or defense. *Tempte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The purpose of the specificity required by the rule is to provide fair notice to the claimant for

purposes of opposing the motion. *Id.* at 311. When specific elements of a claim are not challenged, the motion should be treated as a traditional motion for summary judgment, which places the burden on the movant rather than the nonmovant. *See Michael v. Dyke*, 41 S.W.3d 746, 751-52 (Tex.App.--Corpus Christi 2001, no pet.).

Appellant asserted causes of action against Appellee for legal malpractice, breach of fiduciary duties, and civil conspiracy. Appellee's motion moves for summary judgment on "all matters raised in [Appellant's] original petition," but only specifically identifies civil conspiracy and its elements properly for purposes of satisfying Rule 166a(i). *See* TEX.R.CIV.P. 166a(i). Accordingly, we will examine whether the Appellant's civil conspiracy claim was properly dismissed by summary judgment on no-evidence grounds. Then, we will proceed with analyzing whether, as to Appellant's legal malpractice and breach of fiduciary duty claims, Appellee's motion was properly granted on traditional grounds.

**Civil Conspiracy**

Civil conspiracy is "a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). For a conspiracy to have occurred, it requires the injury to be intended by the alleged perpetrators. *See Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 720 (Tex. 1995). "[P]arties cannot engage in a civil conspiracy to be negligent." *Id.* at n.2 (*citing Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 406 (Tex. 1985).

Appellee's motion states Appellant has no evidence that Appellee conspired with other attorneys to "deprive the [Appellant] and his relatives of money and properties[,]" as is alleged in Appellant's complaint. Further, in support, Appellee offers an affidavit from Gabe Perez, an attorney for the Starrs in the Appellant's bankruptcy case, who disclaimed any action by Appellee

14

that could be construed as a conspiracy among the attorneys for the parties involved in the bankruptcy.

Because Appellee properly identified the two elements of Appellant's civil conspiracy claim for which Appellant lacked evidence—namely, a combination of two or more persons, or an unlawful purpose or lawful purpose by unlawful means—the burden shifted to Appellant to provide evidence that raises a genuine issue of material fact. *See* TEX.R.CIV.P. 166a(i). Appellant made a number of allegations in his response to Appellee's motion which he claims are evidence of a conspiracy between Appellee and other attorneys involved in the bankruptcy. Those allegations are: (1) listing the Starrs' judgment against Appellant to the list of creditors filed with the bankruptcy court is proof that Appellee was conspiring with the Starrs' attorney, Juan Carlos Garay; (2) dismissal of Appellant's bankruptcies are the result of Appellee conspiring with Juan Carlos Garay and the trial court judge in the Starrs' case against him so they—the attorneys and the trial court judge, Luis Aguilar—could collect money from him; (3) Appellee conspired with the Chapter 7 Bankruptcy Trustee and the United States Trustee to get the bankruptcy discharged; and (4) the affidavit made by Gabe Perez, the Starrs' attorney representing them as creditors in Appellee's bankruptcy case, is proof Perez conspired with Appellant because he was aware of what was included in Appellant's bankruptcy schedules. Although Appellant attached exhibits to his motion, none of the exhibits, nor any of his allegations regarding the supposed conspiracy, constitute a scintilla of evidence in support of his claims. Rather, his exhibits consist solely of documents filed in the underlying bankruptcy or other litigation in which he or his family members have been involved. None of the documents tend to prove any purported conspiracy to commit wrongdoing against him by Appellee or any other attorney with whom he has dealt over time.

We find there is no evidence to prove a vital fact in Appellant's conspiracy claim;

15

specifically, Appellant provided no evidence of a combination of two or more persons coming together to accomplish an unlawful purpose or lawful purpose by unlawful means. *See Massey*, 652 S.W.2d at 934.

Accordingly, we find the trial court's summary judgment dismissing Appellant's civil conspiracy claim was properly granted on no-evidence grounds. Appellant's fourth and seventh issues as to his claim for civil conspiracy are overruled.

### Part Three: Whether a material issue of fact exists to preclude granting summary judgment on traditional grounds

In his fifth, sixth, eighth, and fourteenth issues, Appellant claims a material issue of fact exists to preclude granting summary judgment on traditional grounds.[2] Having already determined the judgment on the civil conspiracy claim is supported by Appellee's no-evidence motion, it is unnecessary for us to address whether summary judgment is also proper under the traditional basis as to that particular cause of action. *See First United Pentecostal Church of Beaumont*, 514 S.W.3d at 219 (*citing Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)). We limit our analysis of these issues to Appellant's two remaining causes of action for legal malpractice and breach of fiduciary duty.

The burden of proof in a traditional motion for summary judgment is on the movant. *See* TEX.R.CIV.P. 166a(c). The movant is required to show there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *Id.*; *Helix Energy Solutions Grp, Inc.. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017). To succeed in a traditional motion for summary judgment on the claims asserted against him, a movant must provide evidence that disproves the facts of at least

---

[2] Appellant's fourteenth issue states, "The trial court erred when they did not follow 11 USC [§] 528(a)." Section 528(a) discusses requirements that debt relief agencies must follow. *See* 11 U.S.C. § 528(a). We interpret this issue to mean Appellant claims a fact issue exists as to whether Appellee followed the requirements of Section 528(a) in his representation of Appellant as it pertains to the legal malpractice claim asserted by Appellant. Thus, we find it falls under the umbrella of whether the trial court properly granted traditional summary judgment in favor of Appellee.

one element of the nonmovant's claim. *See Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 511 (Tex. 1995). Once the movant satisfies his burden, the burden shifts to the nonmovant to produce summary judgment evidence sufficient to raise a fact issue. *Amedisys, Inc. v. Kingwood Home Health Care,* LLC, 437 S.W.3d 507, 511 (Tex. 2014). In evaluating the provided evidence, the trial court must assume all the evidence provided by the nonmovant is true, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts regarding the existence of a genuine issue of material fact against the nonmovant. *Little v. TDCJ*, 148 S.W.3d 374, 381 (Tex. 2004).

Appellant alleges in his complaint that Appellee: (a) failed to follow 11 U.S.C. §§ 528(a) and 101(4)(A); (b) filed Appellant's bankruptcy petition four months after Appellant signed it and did not follow Appellant's alleged instructions not to file it; (c) filed for bankruptcy on behalf of Appellant for a non-dischargeable debt; (d) did not object to the proof of claim filed in the bankruptcy; (e) interfered with Appellant's daughter's case in federal court; (f) represented Appellant without Appellant's knowledge or permission in the adversary proceeding associated with Appellant's bankruptcy case; (g) filed incorrect Schedule F forms in the bankruptcy; and (h) conspired with other lawyers involved in the bankruptcy to deprive Appellant and his family members of their money and properties. According to Appellant's complaint, the foregoing alleged facts form the bases for his causes of action for legal malpractice and breach of fiduciary duty.

**Legal Malpractice**

To prevail on a legal malpractice case, a plaintiff must prove the attorney owed the plaintiff a duty, a negligent act or omission by the attorney breached the duty, the breach proximately caused plaintiff's injury, and the plaintiff suffered damages as a result. *Stanfield v. Neubaum*, 494 S.W.3d 90, 96 (Tex. 2016). It is undisputed the Appellee represented the Appellant as his attorney

in the Chapter 7 bankruptcy and thus owed him a duty of care. Accordingly, we must determine whether Appellee provided evidence disproving one or more of the remaining three elements to justify dismissal of his claim.

In an action for malpractice, a plaintiff must show the attorney's negligence breached the standard of care for attorneys. *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995)(plurality op.). The standard of care for attorneys is whether they exercised the level of care that would be exercised by a reasonably prudent attorney. *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex. 1989). The plaintiff must show that the attorney did not act with the level of diligence required by the standard of care or lacked the requisite degree of skill, prudence, and knowledge to do the required work. *See James V. Mazuca & Assocs. v. Schumann*, 82 S.W.3d 90, 95 (Tex.App.--San Antonio 2002, pet. denied).

Of the specific factual allegations made in Appellant's complaint, only the following could serve as a basis for a legal malpractice claim if true, based on breach of duty: (a) failure to execute a contract for services with Appellant in accordance with 11 U.S.C. § § 528(a)(1) and 101(4)(A); (b) filing a petition in bankruptcy on behalf of Appellant when instructed explicitly not to do so and four months after Appellant initially authorized it; (c) filing for bankruptcy on behalf of Appellant solely for a non-dischargeable debt; (d) failing to object to the proof of claim which purportedly bore his forged signature; (e) representing Appellant without Appellant's knowledge or permission in the adversary proceeding associated with Appellant's bankruptcy case; or (f) filing incorrect Schedule F forms in the bankruptcy .

Appellee's motion attacks the specific factual allegations made in Appellant's complaint. Appellee argues there is no evidence that he did not comply with the sections of the Bankruptcy Code cited by Appellant in his complaint which require those offering bankruptcy assistance to

18

provide their clients with contracts, inform the clients what services will be provided and what fees are charged for those services. In support, Appellee attached the document he provided to Appellant regarding provision of bankruptcy services as evidence of his compliance with the Bankruptcy Code. Appellant argues the document is not a contract, and thus does not comply with 11 U.S.C. § 528(a). However, when we compare the document Appellee provided to the bankruptcy code requirements, we find the document supplied by Appellee and signed as received by Appellant includes a detailed description of the services Appellee would provide to Appellant if he filed Chapter 7 bankruptcy, and the fees associated with such filing. Further, Appellant's signature on the document states that he received a copy of the document.

Appellee claims the undisputed evidence supports Appellee's position that Appellant knew about the Chapter 7 petition and it was filed at his request at the earliest possible time following the injunction on refiling. In support, Appellee attached a certified copy of the order dismissing Appellant's Chapter 13 bankruptcy petition and prescribing a two-year injunction against refiling, a certified copy of the Chapter 7 bankruptcy petition he filed for Appellant after expiration of the two-year injunction, certified copies of amendments to the bankruptcy petition signed by Appellant, and other documents filed in the bankruptcy proceeding bearing Appellant's signature. All of these documents support Appellee's position that Appellant was aware the bankruptcy was being filed, and when, considering the two-year prohibition on re-filing after dismissal of the Chapter 13 bankruptcy.

Appellee also attached affidavits from two of his legal assistants which describe their interactions with Appellant. The first, from Gisela Sarellano, includes testimony that her conversations with Appellant led her to believe he unequivocally wanted Appellee to file the Chapter 7 bankruptcy on his behalf after the two-year prohibitive period expired. She further

testified that he never expressed to her a desire not to pursue Chapter 7 bankruptcy at any point prior to or after Appellee filed it on Appellant's behalf. The second affidavit from Armida Ramirez states that Appellant contacted their office numerous times to ensure Appellant would eventually file the bankruptcy petition on his behalf after the expiration of the two-year moratorium. Ramirez personally prepared the petition using information provided by Appellant. Ramirez also testified that Appellee went item by item with Appellant prior to filing the petition, and that Appellant signed it willingly. Ramirez testified that after the meeting of creditors, it was apparent not all of the information provided by Appellant was correct, and several amended schedules had to be filed. Ramirez prepared all of the necessary amendments and Appellant signed them. Ramirez testified that she never heard Appellant express any desire not to pursue the bankruptcy; rather, he was consistently adamant that Appellee continue with it. Ramirez further testified that in the adversary proceeding associated with Appellant's Chapter 7 bankruptcy, he explicitly asked Appellee to represent him, which Appellee agreed to until the final judgment was entered.

He likewise attached the transcript of the proceedings in the creditors meeting in Appellant's bankruptcy. During that hearing, Appellant testified under oath that he signed the petition, schedules, and related documents, that he read them prior to signing them, and that they were true and correct to the best of his knowledge.

Appellant alleges Appellee filed for bankruptcy for a non-dischargeable debt, which he knew could not be discharged in bankruptcy. In his motion for summary judgment, Appellee denied that just because the judgment was for a claim of fraud meant it was non-dischargeable. Rather, Appellee references the myriad of bankruptcy filings regarding the fraudulent transfers made by Appellant to third parties which resulted in his bankruptcy being dismissed and the bankruptcy trustees refusing to discharge his debts.

With respect to Appellant's claim that Appellee failed to object to a proof of claim filed by the Starrs which purportedly had Appellant's forged signature on it, Appellee cites to and attaches a certified copy of a Fifth Circuit Court of Appeals opinion indicating lack of merit supporting Appellant's claim. We take judicial notice of the Fifth Circuit's opinion on this issue. *See Freedom Communications, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012)("[A] court will take judicial notice of another court's records if a party provides proof of the records."). Appellant first complained of the alleged forgery in the Chapter 7 bankruptcy proceeding and later appealed it to the Fifth Circuit after the bankruptcy court dismissed the claim.

Appellant also claims Appellee represented him in the adversarial proceeding without his permission or knowledge. Appellee counters that Appellant explicitly asked him to represent Appellant in the adversarial proceedings. Among the forms filed by Appellee in Appellant's Chapter 7 bankruptcy petition is a disclosure that Appellee was compensated for providing bankruptcy services to Appellant, including representing him in any adversarial proceedings associated with the petition. Armida Ramirez's affidavit confirms Appellant asked Appellee to represent him in the adversarial proceeding.

Appellant's response raises a number of counterpoints to Appellee's motion, most of which are not supported by the summary judgment evidence. For instance, Appellant claims that the bankruptcy trustee's comment to the U.S. trustee during the meeting of creditors that he was going to extend the deadline to object to the discharge was proof of some kind of collusion between the trustees and Appellee. However, despite Appellant's assertions to the contrary, the transcript of the creditor's meeting does not support Appellant's contentions.

Another issue on which Appellant provided summary judgment evidence was whether Appellee improperly signed an agreed order on Appellant's behalf after withdrawing from

21

representing him in the case. Appellant claims Appellee signed an agreed order on a case in the 56th District Court in Galveston without his consent, and in support attaches several documents filed with the bankruptcy court predating the agreed order which state Appellee is no longer representing him in the bankruptcy. However, although the documents filed by Appellant show Appellee withdrew from representing him in the bankruptcy proceedings on October 24, 2016, we have no summary judgment evidence indicating Appellee did not represent Appellant in the case pending in the Galveston court at the time the agreed order was signed. Indeed, the summary judgment evidence indicates Appellee did not withdraw from representing Appellant in the Galveston case until March 6, 2017, approximately two months after the agreed order was signed.

Moreover, although we must make every reasonable inference in favor of the nonmovant and assume all of the nonmovant's proof is true, *see Little*, 148 S.W.3d at 381, we cannot consider Appellant's motion itself as summary judgment evidence. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995)(pleadings are not summary-judgment evidence). This is true of responses to summary judgments as well as other pleadings, even when those pleadings are verified. *See Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 42 (Tex.App.--Houston [14th Dist.] 2000, pet. denied).

Based upon the summary judgment evidence provided by Appellee, it appears there is no genuine issue of material fact regarding whether Appellant complied with 11 U.S.C. §§ 528(a)(1) and 101(4)(A). Further, there is no genuine issue of material fact regarding Appellant's awareness Appellee would file Chapter 7 bankruptcy on his behalf, and that it had to wait to be filed until after September 20, 2015, when the injunction expired. The summary judgment evidence does not create a genuine issue of material fact regarding impropriety by Appellee in listing the Starr judgment in the bankruptcy schedules, nor was it Appellee's fault the debt was not discharged.

The summary judgment evidence supports Appellee's contention that Appellant was aware Appellee represented him in the adversarial proceeding. Further, there is no genuine issue of material fact regarding whether Appellee was negligent in his preparation and filing of the Schedule F forms for Appellant, since each schedule and amendment required Appellant's review and signature.

It appears to this Court that the evidence supports Appellee's position regarding keeping Appellant informed about the status of the case, the contents of the documents he filed on Appellant's behalf (many of which required Appellant's signature), and other matters related to his representation of Appellant in the Chapter 7 bankruptcy. Further, we find Appellant failed to produce any competent summary judgment evidence that either the trial court, or we, can consider which would create a genuine issue of material fact regarding Appellant's allegations of legal malpractice against Appellee. We therefore find the trial court properly rendered summary judgment in favor of Appellee on Appellant's legal malpractice claims.

### Breach of Fiduciary Duty

To prevail in a breach of fiduciary duty case, a plaintiff must prove the plaintiff and defendant had a fiduciary relationship, the defendant breached its fiduciary duty to the plaintiff, and the breach resulted in injury to the plaintiff or benefit to the defendant. *First United Pentecostal Ch. Of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). Generally, fiduciaries owe the following duties to their principals: the duty of loyalty and utmost good faith;[3] duty of candor;[4] duty to refrain from self-dealing;[5] duty to act with integrity;[6] duty of fair, honest dealing;[7]

---

[3] *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 512 (Tex. 1942).
[4] *Welder v. Green*, 985 S.W.2d 170, 175 (Tex.App.--Corpus Christi 1998, pet. denied).
[5] *Dearing, Inc. v. Spiller*, 824 S.W.2d 728, 733 (Tex.App.--Fort Worth 1992, writ denied).
[6] *Hartford Cas. Ins. Co. v. Walker Cty. Agency, Inc.*, 808 S.W.2d 681, 687-88 (Tex.App.--Corpus Christi 1991, no writ).
[7] *Kinzbach Tool Co.*, 160 S.W.2d at 512.

and the duty of full disclosure.[8]

As attorney and client, it is undisputed the parties were involved in a fiduciary-principal relationship. *See Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988). Accordingly, we must determine whether Appellee provided evidence disproving one or more of the remaining two elements to justify dismissal of his claim.

Attorneys in particular owe their clients the duty to act with integrity and fidelity, which includes a number of additional duties beyond those owed by other types of fiduciaries. *See Kimleco Pet., Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 923 (Tex.App.--Fort Worth 2002, pet. denied). Among those additional duties, and implicated in the instant case by the facts alleged in Appellant's complaint, are the duty to act with absolute candor and honesty, and without any concealment or deception;[9] the duty to inform the client of all matters material to the representation;[10] and the duty to follow the client's instructions.[11]

Appellant claims Appellee allegedly: (a) filed Appellant's bankruptcy petition after Appellant allegedly instructed him not to file it, (b) represented Appellant without Appellant's knowledge or permission in the adversary proceeding associated with Appellant's bankruptcy case, and (c) conspired with other lawyers involved in the bankruptcy to deprive Appellant of "money and properties from Abie Wolf's [f]amily and [r]elatives." Of the factual allegations made by Appellant in his complaint, only the foregoing, if true, could potentially support a claim for breach of fiduciary duty. However, we determined in the previous section the summary judgment evidence proves the opposite of Appellant's contentions regarding whether Appellee was instructed not to file bankruptcy on Appellant's behalf or whether Appellee represented Appellant

---

[8] *Valdez v. Hollenbeck*, 465 S.W.3d 217, 230 (Tex. 2015).
[9] *See Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 429 (Tex.App.--Austin 2009, no pet.).
[10] *Joe v. Two Thirty Nine Jt.V.*, 145 S.W.3d 150, 160 (Tex. 2004).
[11] *Zidell v. Bird*, 692 S.W.2d 550, 553 (Tex.App.--Austin 1985, no writ).

24

in the adversary proceeding. We also previously determined no evidence supports Appellant's allegations of a conspiracy between Appellee and other attorneys involved in Appellant's bankruptcy. Accordingly, Appellee satisfied his burden under the summary judgment rules. We therefore find the summary judgment evidence supports the trial court granting summary judgment in favor of Appellee on Appellant's claims against him for breach of fiduciary duty.

We are instructed to address only those issues that are "necessary to final disposition of the appeal." TEX.R.APP.P. 47.1; *State v. Ninety Thousand Two Hundred Thirty-Five Dollars and No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 294 (Tex. 2013)("It was not necessary for the court of appeals to address Bueno's third ground after it affirmed the summary judgment based on his second ground."). Accordingly, we do not reach Appellant's fifth, sixth, eighth, and fourteenth issues regarding his civil conspiracy claim and his fourth and seventh issues as to the legal malpractice and breach of fiduciary claim are moot.

### Part Four: Whether the trial court erred in not considering Appellant's response to Appellee's motion for summary judgment or the evidence attached thereto

In his tenth, eleventh, twelfth, thirteenth, and fifteenth issues, Appellant states the trial court erred in not considering his response to Appellee's motion for summary judgment or the evidence attached to it. Appellee's brief does not directly address these issues.

At the hearing on Appellee's motion, there was initially confusion about whether Appellant filed a response to the motion for summary judgment. Confusion arose because Appellant's response was titled as a cross-motion for summary judgment which the trial court did not review in preparation for the hearing on Appellee's motion. However, the trial court then reviewed Appellant's response and the evidence during the hearing on the motion for summary judgment.

A trial court's failure to consider a timely-filed response to a motion for summary judgment where the response raises a genuine issue of material fact is reversible error. *See, e.g., Glasscock*

25

*v. Frost Nat. Bank*, 928 S.W.2d 599, 599-600 (Tex.App.--San Antonio 1996, writ denied). However, such is not the case here. In our *de novo* review of the motion, response, and evidence supplied by the parties, we have determined Appellee satisfied his burden under the summary judgment rules and Appellant's response failed to raise a genuine issue of material fact necessary to defeat Appellee's motion. Accordingly, the trial court's failure, if any, to review Appellant's response or his summary judgment evidence is, at most, harmless error and thus does not warrant reversal by this Court. *See Lorusso v. Members Mut. Ins. Co.*, 603 S.W.2d 818, 820 (Tex. 1980)(judgment will not be reversed "unless the error or errors can be said to have contributed in a substantial way to bring about the adverse judgment.").

Furthermore, the trial court explicitly stated it reviewed Appellant's response to the motion for summary judgment, as well as his filed summary judgment evidence, before issuing its ruling. The trial court's order also states that the summary judgment was rendered after considering the motion for summary judgment, the response, and the evidence presented. We therefore find no reason to overturn the trial court's judgment on this basis and overrule Appellant's tenth, eleventh, twelfth, thirteenth, and fifteenth issues.

### Part Five: Whether the trial court's judgment should be reversed and remanded because it does not dispose of all of the claims in his lawsuit

In his third issue, Appellant posits the trial court's judgment should be reversed and remanded because it does not dispose of all of the claims in his lawsuit. Appellant argues the trial court's judgment is interlocutory and appeal is therefore improper as it is not explicitly authorized by statute. Appellant relies on the judgment's failure to list each specific cause of action he asserted as the basis for his argument that the judgment is not final.[12] Appellee does not explicitly address

---

[12] Among the causes of action listed in his brief as still pending in the trial court is a cause of action for fraud. However, no cause of action for fraud is named in his complaint.

this issue in his brief.

Where a movant for summary judgment intends the judgment to be final, it must ask the trial court to dispose of all issues and parties. *Continental Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 276-77 (Tex. 1996). A statement indicating the plaintiff take nothing makes the judgment final as long as no other claims between other parties are pending. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001).

Here, Appellee's motion asks the trial court to render "judgment as a matter of law on all matters raised in [Appellant's] original petition." Further, the language of the order on Appellee's motion for summary judgment is that the motion is granted and "a take nothing judgment is entered against [Appellant]." These factors, in combination with our *de novo* analysis of Appellee's motion on the merits which we found addressed each and every cause of action alleged by Appellant, lead us to conclude the judgment is final and dismisses all of Appellant's claims.

Appellant's third issue is overruled.

## CONCLUSION

We hold as follows:

(1)     The affidavits filed in support of Appellee's motion for summary judgment are not apparently based on hearsay, nor has Appellant offered evidence to controvert the contents of these affidavits or support his claim they were made in bad faith. Accordingly, the objections made by Appellant to the affidavits are, at most, purely formal, and were waived when he failed to secure rulings on his objections from the trial court regarding their admissibility. Appellant's first and ninth issues are overruled.

(2)     We find the language of Appellant's motion implicates both traditional and no evidence summary judgment grounds, and therefore, overrule his second issue. Further, we find

27

Appellee adequately pleaded no-evidence grounds for summary judgment on the civil conspiracy claims, and Appellant failed to satisfy his burden under Rule 166a. We conclude the trial court properly granted a no-evidence summary judgment on the civil conspiracy claim. As a result, we do not reach Appellant's fifth, sixth, eighth, and fourteenth issues regarding the civil conspiracy claim. Appellant's fourth and seventh issues are overruled only as to the civil conspiracy claim.

(3) As to Appellant's two remaining causes of action, we find Appellee satisfied his burden of proving no genuine issue of material fact exists to preclude summary judgment on Appellant's claims for legal malpractice and breach of fiduciary duty. Appellant failed to meet his burden overcoming a traditional motion for summary judgment because he failed to provide evidence to the trial court that created a genuine issue of material fact. Appellant's remaining claims for legal malpractice and breach of fiduciary duty, his fifth, sixth, eighth, and fourteenth issues are overruled. His fourth and seventh issues as to the legal malpractice and breach of fiduciary claims are moot because we resolved those issues under a traditional summary judgement analysis.

(4) Appellant's response and attached evidence failed to create a genuine issue of material fact, we find any error committed by the trial court in not considering Appellant's response or evidence prior to ruling in favor of Appellee harmless error. Appellant's tenth, eleventh, twelfth, thirteenth and fifteenth issues are overruled.

(5) The relief requested by Appellee and the language of the trial court's judgment, in combination with our other findings on the merits of Appellee's motion to dismiss, indicate the trial court's judgment was final and appealable. Appellant's third issue is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

August 31, 2020

                    YVONNE T. RODRIGUEZ, Justice

Before Rodriguez, J., Palafox, J., and Yanez, Ret. Senior Justice
Yanez, Ret. Senior Justice (Sitting by Assignment)